JULY 1828.

Stewart.
1s 483
136   22

## FOOTE v. LAWRENCE.

The record shewing that the issue was tried by "a jury of good and lawful men," after verdict, the Court will presume there were twelve jurors, though only eleven names are set forth; the parties being in Court, and no objection being made at the trial.

LAWRENCE brought an action of covenant in the County Court of Limestone county against Foote; issue was joined on the plea of covenants performed, and at the January term, 1827, there was the following record of the trial: "came the parties by their attorneys, and thereupon also came a jury of good and lawful men to wit, (here follow the names of eleven persons only,) who being duly sworn to try the issue joined, on their oaths do say, "we the jury find said issue for the plaintiff," &c. on which verdict judgement was rendered for the plaintiff.

Foote in this Court assigns for error, that the verdict was rendered by eleven jurors only.

HUTCHINSON, for the plaintiff in error.

THORNTON, for the defendant.

The CHIEF JUSTICE delivered the opinion of the Court.

THE only error relied on in this case is, that the record does not afford evidence that there were more than eleven jurors to try the issue joined between the parties.

There can be no question that every issue of fact must be tried by a jury of twelve men; it is not however necessary that their names should be recorded. The term *jury* is well understood to be twelve men; and when the record shews that a jury of good and lawful men came to try the issue joined, we understand it as well as if it gave the names of the jurors; at least in civil cases. The record before us shews by its terms, that the parties came by their attorneys, and then came a jury of good and lawful men, and then assumes to give their names, but records the names of eleven only. The recording the names, as we have before stated, was not essential; it was an act of supererogation in the clerk; his record would have been good without it. His assuming to do what was not necessary, does not impose the same obligation and produce the same

JULY 1823.

Foote

Lawrence.

consequences as if a party to the suit had undertaken to state it.   When a party undertakes to state or aver matters not material, yet he is in most cases required to state them correctly, lest he should mislead the other party. The parties in this case were present in Court, and no doubt fully competent to take care of their rights, and there can be no rational doubt but. in truth and fact the jury was composed of twelve men. After a verdict attended with such circumstances, we believe that we are bound to infer. that the jury was a full, good and lawful jury; and that the clerk when he so unnecessarily undertook to give their names, committed a mistake, and omitted one. We must either infer this, or that the parties consented, as is sometimes the case, to an informal jury.

The Court being equally divided, the judgement of the Court below must be affirmed.   This however may be considered as the opinion that will govern in future cases, as my brother Taylor who declined sitting in this case, is understood to concur.

Judgement affirmed.

Note.—In a return to a certiorari issued by this Court to obtain a more full transcript of the record from the Court below, the clerk certified that the next cause in the County Court appeared by the records to have been tried by the same jury. and in their enumeration there was one juror more; and that in the several verdicts rendered on the same day, four or five in number, there appeared to be twelve persons entered in all the other verdicts recorded, so that in his opinion it must have been a clerical error in recording eleven names only instead of twelve in this case.   The Court however appear not to have considered this as a part of the record in the opinion given: