Cowles v. Buckman & Son.

the term of the court he was taken sick, and was so confined to his bed, until after the commencement of the term; that he was, therefore, unable to attend to the payment or securing of said fees; that if he had been able to attend to the business, they would have been paid before the commencement of the term; and that he had a meritorious defence to the suit. This motion was overruled, and the defendant appeals, and assigns this ruling as error.

*E. C. Moss,* for the appellant.

---

COWLES *v.* BUCKMAN & SON.

6   161
89   411

6   161
103   717

It is the province of the court and its officers to impannel a jury; and when a party is asked whether he has any objection to the jury, the question refers to the persons constituting it, and whether he has challenges to make; and not to the right constitution of the jury in point of numbers.

The law tenders the party a jury for the trial of his cause; and he is not to be charged, as with a fault, if the proper officer has not performed his duty by calling a full jury into the box.

Where a cause is tried before, and a verdict rendered by, a panel con-

sisting only of eleven jurors, the defect is fatal, unless it has been waived.

*Appeal from the Dubuque District Court.*

THURSDAY, JUNE 10.

Action on a promissory note. Defence, payment. Verdict and judgment for the defendant. The plaintiff moved that the verdict be set aside, and for a new trial, upon several grounds, one of which was, that there were but eleven jurors upon the panel of the jury which tried the cause. The bill of exceptions certifies that each of the parties was asked by the court, whether they had any objection to the jury, but that the attention of the plaintiff was not called to the deficiency in the number of the jurors; and that it is admitted that neither party knew of the fact.

*J. S. Covel,* for the appellant, cited the following authorities: *Jones* v. *Fennimore,* 1 G. Greene, 134; *Ross* v. *Neal,* 7 Monr., 407; *Dix* v. *Richards,* 2 How. (Miss.), 771; *Jackson* v. *The State,* 6 Blackf., 461; *Tillman* v. *Ailles,* 5 S. & M., 378; *Wolfe* v. *Martin,* 1 How. (Miss.), 30; *Ayres* v. *Barr,* 5 J. J. Marr., 287; *Oldham* v. *Hill,* 5 Ib., 300; *Spencer* v. *Kinnard,* 12 Texas, 186.

*W. T. Barker,* for the appellee, relied upon the following: *Berry* v. *Kennedy,* 5 B. Monr., 226; 6 Exchequer, 450, note.

WOODWARD, J.—We should regard it as the province of the court and its officers, to impannel a full jury; and that when a party is asked if he has any objection to the jury, it refers to the persons constituting it, and whether he has challenges to make; and we should not be inclined to hold him responsible for the right constitution of the jury, in point of numbers. The law tenders him a jury for the trial of his cause, and he is not to be charged as with a fault, if the proper officer has not performed his duty in

this respect.   If there were anything indicating a previous knowledge, and consequently a waiver implied from his not objecting, the case might be different, but it is agreed that neither party knew of the defect, and therefore, there was no waiver.

This is regarded as a fatal defect in criminal cases, without hesitation.   Such was *Jackson* v. *The State*, 6 Blackf., 461.   And it is not easy to state a reason why the rule should be different in civil causes, when there is no waiver, either express or implied.   There are several cases in which the objection prevailed; *Ross* v. *Neal*, 7 Monr., 407, is one.   In this case there were thirteen jurors, and the supreme court said it would have been fatal, if the party had taken exception in the court below, as by moving for a new trial; but that he could not first take it in that court, but said that if there had been a *deficit*, it might have vitiated the verdict, as no verdict.   In *Dixon* v. *Richards*, 2 How., (Miss.), 771, the court says, "a jury must consist of twelve.   No other number is known to the law.   Here there were but eleven.   The judgment must be reversed."   In *Wolfe* v. *Martin*, 1 How., (Miss.), 39, there were thirteen jurors, and a motion for a new trial was overruled.   The supreme court reversed the judgment. In *Tillmon* v. *Ailles*, 5 S. & M., 368, it was held not to be fatal that there were thirteen jurors, but the court said, a verdict by a less number than twelve in issues of this kind would be void, but a verdict by a greater number than twelve is not so on that account."   *Ayres* v. *Barr*, 5 J. J. Mar., 287.   In this case, there were eleven jurors. In *Oldham* v. *Hill*, 5 J. J. Mar., 300, there were less than twelve.   It was on a writ of inquiry.   See, also Graham & Wat., on New Trials, 169, 70, and 210, note; Duncomb's Trials, *per pais*, 92, 3 ; *Foote* v. *Lawrence*, 1 Stew. 483; *Tums* v. *Commonwealth*, 6 Met., 224 ; *Kennedy* v. *Williams*, 2 Nott. & McC., 79.   There is no doubt but that such defect may be waived, but before this can be inferred, it must appear, at least, that the party had knowl-

edge of its existence.   Without this, a waiver cannot be inferred.

The judgment will be reversed.