# Roden *et al. v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Charges assuming a fact improper.*—A charge assuming a fact or a state of facts as true is properly refused.

2. *Duty to retreat.*—It is the duty of one engaged in a difficulty, before he is justified in attempting to take the life of his adversary, to retreat, unless by so doing he would increase his peril or place himself at a greater disadvantage.

3. *Self-defense.*—To justify the attempt to take life, the circumstances must have been such as to impress the mind of a reasonably prudent person with the belief that he was in imminent peril of his life or of great bodily harm.

Vol. 97.

[Roden et al. v. The State.]

4. *Burden of proving self-defense.*—The burden of proving self-defense is on the defendant.

5. *Charge should be definite.*—A charge asserting that before a jury can convict, they must find that the defendant did not commit the alleged acts in self-defense, is defective in not setting forth the ingredients of self-defense.

APPEAL from Marshall Circuit Court.

Tried before the Hon. JOHN B. TALLY.

The appellants, Dick Roden and Pick Roden, were convicted of assault with intent to murder. The State introduced only one witness, whose testimony tended to show, that he saw one Hunt come up to where Bill Lewis and Pick Roden were talking, and whilst they were talking Dick Roden shot first, and after that the other defendant shot a pistol two or three times while Hunt and Dick were in a general fight. Hunt was wounded in the side next to Dick Roden. On the part of the defense, there was testimony that Hunt provoked the difficulty and that Hunt was in the act of firing a pistol at Pick Roden when Dick Roden fired at him causing his pistol to drop from his hand. The two defendants are brothers. The defendants excepted to the refusal of the court to give the following charges:

(1) "If the only reasonable escape for Pick Roden would have been dangerous, and have placed his life in peril, or the defendant Pick Roden in great bodily harm, and he was not an aggressor, then Dick Roden had the right to shoot Hunt to save his brother." (2) "If Dick Roden was warned that Hunt was going to attack his brother, and at once borrowed a gun to protect his brother, Pick, he had a right to use it if his brother was in great danger of his life or great bodily harm, if his brother was not in the wrong." (3) "It is not absolutely necessary that Pick Roden's life was in danger, but it is necessary that it was in apparent danger, and apparent danger would be sufficient to authorize his brother to act upon appearances if Pick was not at fault, and his life appeared to be in great danger, or his body in danger of grievous bodily harm." (4) "The burden of proof is always on the State to prove the defendant's guilty conduct, and without just excuse or lawful reason therefor, and if the State fail in this, the defendant should always be acquitted, for without such proof the defendant is not guilty under the law and should not be convicted." (5) "Before the jury should convict the defendants they should believe from all the evidence that the Rodens are to blame for the difficulty, and they brought on the difficulty, or kept it up

with the purpose of taking the life of Hunt, and that what they did was not in self-defense." (6) "If the jury believe from all the evidence that Pick Roden was not the aggressor, but was assaulted by Wm. Hunt, and that while under the cover of a pistol in the hands of Hunt, who was threatening to injure Pick Roden to such an extent as to produce great bodily harm or take his life, then Dick Roden, his brother, had a right to shoot Hunt to save his brother, or save him from great bodily harm."

ROBERT N. BELL, for appellant, cited *Cleveland v. State*, 86 Ala. 2, *Gibson v. State*, 89 Ala. 121; *Whatley v. State*, 91 Ala. 108.

W. L. MARTIN, Attorney-General, for the State, cited 3 Brick. Dig. 111 §§ 74, 75; *Ib.* § 82; *Rutledge v. State*, 88 Ala. 85; *Cribbs v. State*, 86 Ala. 613; *Poe v. State*, 87 Ala. 65.

HEAD, J.—The first charge requested by the defendants clearly assumes, as a fact, that Pick Roden was in peril, real or apparent, of his life or great bodily harm, at the time Dick Roden shot Hunt, and for this reason was properly refused. Furthermore, its effect is that Pick Roden was not required to retreat, although retreat would not have placed him in no greater peril than that in which he was already involved, or would not have placed him at any greater disadvantage. We understand the rule to be, that it is the duty of the defendant to retreat, unless thereby he would increase his peril or place himself at a disadvantage he was not already laboring under.—*Gibson v. State*, 89 Ala. 121; *Davis v. State*, 92 Ala. 20.

The second, third, fifth and sixth charges requested by defendants, ignore altogether the duty of retreat. The fifth also pretermits all inquiry whether defendant, Pick Roden, was in imminent peril, real or apparent, of his life or great bodily harm. The general hypothesis of the charge, "and that what they did was not in self-defense," is insufficient, in an instruction. The ingredients of self-defense should be set forth, and not left to the jury to be determined by their own construction. The sixth charge also improperly assumes, as a fact, that Hunt "was threatening to injure Pick Roden to such an extent as to produce great bodily harm or take his life." The third charge is also faulty in its effort to define the apparent danger upon which a defendant has the right to act. In order to justify the shooting on apparent necessity, the circumstances must have been such as to

[Turner v. The State.]

induce the mind of a reasonably prudent person to entertain the belief that defendant was in imminent peril of life or great bodily harm.

Manifestly, the fourth charge misplaces the burden of proof of self-defense. That burden is on the defendants and not the State

We find no error in the record and the judgment is affirmed.

