# Davis *v.* The State.

## *Indictment for Murder.*

1. *Charge of court to jury; not error for court to instruct-jury as to charges given at request of defendant.*—On the trial of a criminal case, after the court at the request of the defendant has given to the jury several written charges, it is not error for the court at the written request of the State to further instruct the jury that the "written charges read to the jury in this case are not in conflict with the general oral charge of the court, but only a different manner of stating the law of the case;" there being in fact no conflict between such charges.

2. *Verdict and judgment; recital in judgment entry as to return of verdict by eleven jurors.*—Where, after reciting the selection, empannelling and swearing of "a jury according to law," and the reading of the indictment to the jury and the pleading of not guilty by the defendant, the judgment entry then states that "thereupon came a jury of good and lawful men, to-wit," and there then follows the names of eleven jurors only, who, it is further stated, "on their oaths do say, we, the jury, find the defendant guilty," etc., such recitals in the judgment entry show that the verdict of guilty was rendered by a lawful jury of twelve men.—(SHARPE, J., *dissenting.*)

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. J. C. RICHARDSON.

The appellant in this case, Mose Davis, was indicted, and tried for murder, was convicted of murder in the first degree and sentenced to be hanged. The opinion on the present appeal renders it unnecessary to set out the facts of the case.

The court at the request of the defendant gave to the jury several written charges. After these charges had been given and read to the jury, the court at the request of the State gave to the jury the following written charges: "The court charges the jury that the written charges read to the jury in this case are not in conflict with the general oral charge of the court, but only a different manner of stating the law of this case." To the

[Davis v. The State.]

giving of this charge the defendant duly excepted. The only other ruling presented for review on the present appeal relative to the recital of the judgment entry is shown in the opinion.

W. P. McGaugh, D. P. Middleton and Thos. W. Martin, for appellant.—Charges requested in writing must be either given or refused; and if given, although erroneous, cannot be modified or restricted.—Code, § 3328; *Burton v. State*, 115 Ala. 1; *Hooper v. State*, 106 Ala. 41; *Eiland v. State*, 52 Ala. 322; *Edgar v. State*, 43 Ala. 45.

There having been a lawful jury empannelled and sworn in this case, and a verdict returned by eleven only, defendant is entitled to be released from custody, having been put in jeopardy.—*Bell v. State*, 44 Ala. 393; *Pickens v. State*, 115 Ala. 42; *Carter v. State*, 103 Ala. 93.

Chas. G. Brown, Attorney-General, for the State.

SHARPE, J.—As between the court's oral charge set out in the transcript and the written charges given at the defendant's request, there is no conflict; and the court did not err in charging the jury at the solicitor's written request.— *Home Protection of North Alabama v. Whidden*, 103 Ala. 203.

In the judgment entry it is recited that "after selecting, empannelling and swearing a jury according to law the indictment was read to the jury and the defendant for his plea thereto saith he is not guilty. Thereupon came a jury of good and lawful men, to-wit," and here next after the word to-wit is set out the names of eleven individuals only, next following which is the further recital "who on their oaths do say we the jury find the defendant guilty," etc. A majority of the court hold that these recitals show the verdict was rendered by a jury of twelve. This construction they adopt because a jury as known at common law, and in the law of this State, is constituted of twelve men, and the recital in so far as it asserts a return of verdict by a jury, being a proper one, controls the clerks' unnecessary interpolation of the individual names, so that the latter cannot be regarded.

As authority for their conclusion the majority relies on *Foot v. Lawrence,* 1 Stew. 483; *Larillian v. Lane,* 3 Eng. (Ark.), 372; 1 Thompson on Trials, § 5; 11 Ency. Pl. & Pr. 930.

The writer is of the opinion that the recitals do not show affirmatively, as the record of every conviction by jury for crime should show, that the verdict was rendered by a legally constituted jury. He notes that the decision in *Foot v. Lawrence, supra,* on which the other authorities cited seem to be based, and which was rendered by a divided court, was placed partly on the ground that the case was a civil one, wherein the parties who were presumed to be in court, allowed the verdict to stand unchallenged at the time of its return. The writer's view is supported by the decision in *Scott v. State,* 70 Miss. 247, and is expressed by the headnote in that case which states "Where the record of a conviction in the circuit court recites that the accused was tried by a jury, whose names are given, and only eleven names appear therein, the conviction is void."

Other than those above referred to there are no questions raised by the record. The judgment will be affirmed.

SHARPE, J., *dissenting.*