# Brown *v.* The State.

## *Murder.*

(Decided March 2nd, 1907.   43 So. Rep. 194.)

1. *Criminal Law; Appeal; Record; Drawing Jury.*—The record shows the presence of the defendant, the production of the jury box, the drawing of thirty-five names, the list of names drawn, the order to the clerk to issue an order directing the sheriff to summons these men, and the orders of the court to the sheriff as to the service of the venire and indictment upon the defendant, and it appears therefrom that the arraignment and trial were during the same week of court.   Held, to show a sufficient compliance with section 5004 and 5005, Code 1896.

2. *Same; Evidence; Admissibility.*—There was no error in excluding the testiomny that old holes were found in the bones of deceased, where he had been shot before.

[Brown v. The State.]

3. *Same; Evidence; Surrender to Officer.*—In the absence of evidence of flight the defendant cannot show that he surrendered to the sheriff after the killing.

4. *Homicide; Dying Declarations; Predicate.*—It appearing that on the morning he died decedent said to his brother that he could not get well and soon thereafter called a certain woman to his bedside and asked her to make him a cigarette stating that would be the last one she would ever make him, his dying declaration was properly admitted.

5. *Same; Instructions.*—An instruction asserting that dying declarations are to be considered with great caution is properly refused.

6. *Criminal Law; Evidence; Instructions.*—A charge asserting that before defendant can be convicted the hypothesis of his guilt should flow naturally from the facts proven and be consistent with all of them is correct and its refusal error.

7. *Same Reasonable Doubt; Instructions.*—An instruction that before defendant could be convicted the jury must be satisfied to a moral certainty not only that the proof was consistent with his guilt, but wholly inconsistent with every other rational supposition, and that unless the jury could be so convinced that each member would venture to act on the decision in matters of the highest importance to their own interest, they should acquit, was erroneous and properly refused.

8. *Same.*—An instruction was properly refused that asserted that a reasonable doubt is that want of repose and confidence which an honest man has in the correctness of a conclusion which he is about to make after giving the question his best thought.

9. *Same.*—An instruction is properly refused which states that if after subjecting the facts to the test of reason there remained a doubt of guilt, the jury should acquit.

10. *Same; Argumentative Charges.*—A requested instruction that the statements of the prosecuting attorney read from the Bible were not evidence in the cause was a mere argument and properly refused.

11. *Same.*—It was proper to refuse an instruction that accused should not be tried according to the Bible but according to the laws of the land as given in the charge of the court, as being argumentative.

APPEAL from Colbert Circuit Court.

Heard before Hon. JOSEPH H. NATHAN.

The record showed, after setting out the arraignment by reading the indictment to the defendant and his plea

of not guilty thereto, as follows: "It is ordered by the court, on motion of the solicitor, the defendant, George Brown, being present in person and by attorney, that the trial of this case be set for Wednesday, April 25, 1906. The number of jurors to be drawn was fixed by the court at 35. On the order of the court, the box containing the names of the jurors of Colbert county, Ala., was brought into the courtroom, and, having the same well shaken, the presiding judge then and there, in the presence of the defendant, George Brown, publicly drew therefrom 35 names, as follows." Here follows the list of 35 names. Then follows an order by the court to make out the list, and directing the clerk to issue an order directing the sheriff to summon these men to constitute the special venire. Then follow the orders of the court in reference to the service of the venire and indictment upon defendant.

In the introduction of the testimony, the undertaker, who was shown to have examined the wounds of the dead man, stated that there was a pistol shot which passed through deceased's right arm into his right side about two inches and then turned downward; that there was some shot in the back of the deceased, but that they were small shots, and hardly went into the skin. The witness stated that he found some old holes in his bones, where deceased had been shot before. On motion of the solicitor, the court excluded this testimony as to the old holes, and the defendant excepted. Robert Hook, the brother of the deceased, testified that, on the morning before his brother died, deceased called him to the bed, and took him by the hand, and told him he knew he could not get well and that he was going to die. Deceeased called Carrie Devinney to him also, and asked her to make him a cigarette, and told her that it would be the last one she would ever make for him. Upon this predicate, the dying declarations of the deceased were admitted in evidence over the objection of the defendant. The defendant offered to show that he went down and surrendered to a police officer just after the killing occurred; but the court, on motion of the state, excluded this evidence.

[Brown v. The State.]

The defendant requested the following charges, which were refused: "(6) Gentlemen of the jury, before you can convict the defendant, the hypothesis of his guilt should flow naturally from the facts proved and be consistent with all of them." "(11) Before you can convict the defendant, you must be satisfied to a moral certainty that not only the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational supposition, and that, unless the jury is so convinced by the evidence of the defendant's guilt that you would each venture to act upon that decision in matters of the highest concern and importance to your own interest, you must find the defendant not guilty." (18) A rasonable doubt is that want of repose and confidence which an honest man has in the correctness of a conclusion which he is about to make after he has given the question under consideration his best thought." "(25) If, after subjecting the facts of this case to the test of reason, there is still a doubt of the guilt of defendant, the jury should acquit him." "(42) The statements of the prosecuting attorney, read from the Bible, are not evidence in this case, or the law in the case.. (43) That you will not try this man according to the Bible, but according to the law of the state of Alabama as it may be given in charge to you by the court." "(45) I charge you, gentlemen of the jury, that dying declarations are to be considered with great caution. (46) Evidence consisting of oral statements or declarations should be considered by the jury with great caution." Charge 47 was the general charge. Charge 48 was the general charge as to the second count.

W. P. & W. L. CHITWOOD, and J. L. ANDREWS, for appellant.—The record does not show an order of the court ordering thirty-five jurors drawn for the trial of the cause.—Bolton v. The State, 40 South. 409; C. of G. Ry. Co. v. Carroll, 41 South. 517; Allen v. The State, 41 South. 624; Posey v. The State, 73 Ala. 490; Washington v. The State, 81 Ala. 35. The court erred in excluding from the jury the statement of defendant that

he went up town and surrendered to the officers.—*Ray v. The State*, 41 South. 519; *Gipson v. The State*, 91 Ala. 69; *Dobson v. The State*, 86 Ala. 63. Charge 6 should have been given.—*Harrison v. The State*, 40 South. 568. Charges 46 and 47 should have been given.—*Miller v. Rowan*, 108 Ala. 103; *Garrett v. Garrett*, 29 Ala. 439; *Whitlock v. Keiffer*, 31 Ala. 199; Greenleaf on Evidence, § 200.

ALEXANDER M. GARBER, Attorney-General, for the State.—The record entry shows a sufficient compliance with the statute as to the drawing of the jury, and the predicate for the dying declarations was sufficiently laid.—*McQueen v. the State*, 94 Ala. 50; *Gregory v. The State*, 140 Ala. 16. The fact that the defendant surrendered was not proper to be shown.—*Corker v. The State*, 139 Ala. 56. Charge 6 was properly refused.—*Neillson v. The State*, 40 South. 221. So was charge 11.—*Pitts v. The State*, 140 Ala. 70. A doubt does not authorize an acquittal.—*Shirley v. The State*, 144 Ala. 35. Charges 42 and 43 were properly refused.—*Tribble v. The State*, 40 South. 938. Charges 45 and 46 were invasive of the province of the jury.—*Ward v. The State*, 78 Ala. 441. Under the indictment the defendant might have been convicted whether the killing was done with a pistol or with a shot gun.—*Turner v. The State*, 97 Ala. 57; *Jones v. The State*, 137 Ala. 12.

ANDERSON, J.—The record shows a sufficient compliance with the statute as to setting case, drawing jury, etc.—§§ 5004, 5005 of the Code of 1896.

The defendant sustained no injury as to the exclusion of the evidence as to "old holes in the bones of deceased."

The predicate for the dying declarations was sufficient.—*Gregory v. State*, 140 Ala. 16, 37 South. 259; *McQueen v. State*, 94 Ala. 50, 10 South. 433.

In the absence of any evidence of flight, the fact that defendant surrendered to the sheriff after the killing was not admissible. He could not by his subsequent act make evidence for himself, and the fact that the state proved this fact for him did not warrant him in

doing so over the state's objection. Moreover, this fact had been proved by several state witnesses, was undisputed, and we cannot see how the defendant was injured by a denial of further proof on the subject.

Charge 6, requested by the defendant, should have been given. It is the same as a charge approved by this court in cases of *Neilson v. State,* 40 South. 221, and *Gilmore v. State,* 99 Ala. 154, 13 South. 536.

Charge 11, requested by the defendant, was properly refused. It has often been condemned by this court.— *Pitts v. State,* 140 Ala. 70, 37 South. 101.

Charge 18, requested by defendant, is a mere argument, and was properly refused.

Charge 25, requested by the defendant, was properly refused. It postulates an acquittal upon a mere "doubt," and not a reasonable doubt.—*Shirley v. State,* 144 Ala. 35, 40 South. 269.

Charges 42 and 43, requested by the defendant, were properly refused. They were mere answers to the solicitor's argument.—*Tribble v. State,* 145 Ala. 23, 40 South. 938.

Charges 45 and 46 were properly refused. While dying declarations should be received in evidence with caution, the weight and sufficiency is a question for the jury, as is the rule as to all evidence ruled admissible by the trial court. Juries should consider and weigh all evidence with caution; but a charge which singles out certain parts of the evidence, and seeks to lay special stress thereupon, and to give undue prominence thereto, is properly refused.

Charge 47, requested by defendant, the general charge, was properly refused.

Charge 48, requested by defendant, the general charge as to the second count of the indictment, had already been given. It is the same as given charge A.

For the error above pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

HARALSON, DOWDELL, DENSON, and McCLELLAN, JJ., concur.