# Hurst *v.* The State.

## *Forgery.*

(Decided June 15, 1911. 56 South. 18.)

1. *Trial; Reception of Evidence; Order of Proof.*—On a trial for forgery it is not error to receive the alleged forged instrument in evidence where subsequent proof tended to connect the defendant with the forged instrument, and to show that the words, "cancelled" appearing on the instrument was written thereon after it passed out of the possession of the defendant.

2. *Forgery; Evidence; Admissibility.*—Where the prosecution was for forging a cotton receipt and there was evidence of the forging and uttering by the defendant of a cotton receipt, filled out on a form extracted from a stub book in use by the person whose signature was forged, evidence of the use of such stub book by such person in issuing cotton receipts, and that the number on the receipt filled out by and in possession of the defendant was a number missing from the stub book and that the stub as well as the corresponding receipt was extracted from the book, was admissible as pertinent to the inquiry as to the origin of the alleged forged instrument, and its legitimacy.

3. *Same.*—Where the indictment charged the forging of the cotton receipt and set forth the instrument alleged to have been forged without the word "cancelled" written thereon, it was competent to show that the word "cancelled" was written thereon after it passed from the possession of the defendant to prevent its further use as a genuine instrument.

4. *Same; Intent to Defraud.*—The intent to defraud, made essential as an element of the offense of forgery by section 6910, may be inferred from acts in relation to the spurious instrument which have a tendency or capacity to defraud, and on the trial for forgery of cotton receipts evidence that defendant attempted to use the cotton receipt is admissible.

5. *Same; Elements.*—Under section 6910, Code 1907, the intent to defraud need not be directed against the person purporting to be the maker of the forged instrument, and it is not necessary for the prosecution to show that the forged instrument was of any value.

6. *Evidence; Self Serving Evidence.*—A defendant may not show by his testimony that he voluntarily went to the place of business of the person whose name he is alleged to have forged, after the forgery and before his arrest, since the rule is that one may not by his subsequent act make evidence for himself.

7. *Same.*—Where no attempt was made by the prosecution to show flight the defendant may not show when he returned from the place to which he went on the day of the offense in order to show that he had not fled.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Tom Hurst was convicted of forging and uttering a cotton receipt, and he appeals. Affirmed.

KNOX,, ACKER, DIXON & BLACKMON, for appellant. The court erred in not permitting the defendant to show that he returned and voluntarily went to the place of business of the man whose name he is alleged to have forged, after the forgery and before the arrest.— *Bowles v. The State,* 68 Ala. 335; *Chamblee v. The State,* 78 Ala. 446; *Bankhead v. The State,* 124 Ala. 14; 12 Cyc. 396; 22 A. & E. Enc. of Law 1264. Counsel discuss other assignments of error, but without citation of authority.

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The court did not err in the admission of the receipts, or in permitting it to be shown that the word "canceled" was written after the receipt passed out of defendant's possession.—*Lampkin v. The State,* 105 Ala. 1. A defendant cannot by his acts after the commission of an offense make evidence for himself.—*Brown v. The State,* 150 Ala. 25. The court properly refused the 1st charge requested by the defendant.—*Curtis v. The State,* 118 Ala. 125. The 6th, 7th, 8th and 9th charges were properly refused.—*Allen v. The State,* 79 Ala. 34. The court properly permitted the state to show why the word "cancelled" was written on the receipt and when it was written on it.—*Thompson v. The State,* 30 Ala. 28.

WALKER, P. J.—The court overruled an objection made by the defendant to the introduction in evidence of a written instrument which corresponded in all re-

spects with the instrument set out in the several counts of the indictment, except that the word "canceled" was written across the face of the instrument offered. This paper was offered after proof had been introduced tending to show that the signature to it was a forgery. The grounds of the objection were that the evidence offered was incompetent, immaterial, and irrelevant, and that the defendant was not shown to have any connection with the signing of the name to the instrument or to have executed the same.

The ground now urged in support of the exception reserved to this ruling is that proof of defendant's connection with the instrument should have been required before permitting the introduction of the paper in evidence. Clearly the paper became proper evidence in the case when considered with the evidence subsequently introduced tending to show the defendant's connection with it and that the word "canceled," was written upon the paper after it passed from his possession.—*Lampkin's Case,* 105 Ala. 1, 16 South. 575. "It is of no consequence in what order the evidence is introduced, as far as its ultimate legitimacy is concerned, provided, in its relation to the other evidence in the case, it is at the end pertinent to the issue."—Jones on Evidence, § 812.

In connection with the evidence tending to show the forgery and uttering by the defendant of a cotton receipt, filled out on a form abstracted from a stubbook in use by Robinson Bros., whose signature was alleged to have been forged, it was proper to admit proof of the use of such stub-book by that firm in the issuance of cotton receipts, that the number on the receipt which evidence tended to show was filled out by and was in the possession of the defendant was the number missing from the stubbook, and that the stub, as well as the cor-

responding form of receipt, was abstracted from the book. The proof offered in that connection was pertinent to the inquiry as to the legitimacy of the origin of the instrument in question, and there was no error in its admission.

The defendant as a witness in his own behalf having testified that he went to the place of business of Robinson Bros. after the date of the alleged forging and uttering of the cotton receipt and before his arrest, he was asked by his counsel if he went there voluntarily. The defendant excepted to the action of the court in sustaining the objection of the solicitor to this question. There was no merit in this exception. The defendant could not by his subsequent act make evidence for himself.—*Brown v. State,* 150 Ala. 25, 43 South. 194. Proof as to how the defendant happened to go to that place before his arrest was not in rebuttal of any evidence offered by the state, and was not pertinent to any issue in the case. Whether the question was otherwise objectionable need not be considered.

In the course of his examination as a witness in his own behalf, the defendant stated that he went to Selma that day, referring to the day mentioned in the incriminating evidence offered by the state. The prosecution had not introduced any evidence tending to show that the defendant went to Selma or elsewhere. In that connection the defendant's counsel asked him, "What day did you come back from Selma?" The defendant excepted to the action of the court in sustaining an objection of the solicitor to this question. It is now urged that the question was permissible as calling for proof which might tend to explain other proof which was susceptible of being used to support an inference that defendant's going to Selma amounted to a flight. Conceding that the evidence called for might have been ap-

propriate to rebut evidence of flight if the state had introduced such evidence, yet it is plain that the ·defendant was not entitled to rebut evidence offered by himself. The prosecution did not undertake to prove that the defendant fled. The defendant could not set up a man of straw, and complain that he was not allowed to explain it away. If the evidence called for by the question might have been explanatory of anything, ·it was of a fact put in evidence by defendant himself. The court did not err in sustaining the objection to the question. This is another instance of a party undertaking to make evidence for himself.

It was proper to permit the state to prove that the word "canceled" was written on the cotton receipt after it passed from the possession of the defendant. That word did not appear upon the instrument as set out in the several counts of the indictment. In order to show the commission of the offense as charged, it was proper to admit proof to show that, after the paper was recovered by the party whose signature was claimed to have been forged, the word "canceled" was written upon it to prevent the possibility of the further use of the paper as genuine, and that the defendant's connection with the paper was before it was thus mutilated or changed.— *Thompson v. State,* 30 Ala. 28.

Evidence was admitted which tended to show that the defendant forged and attempted to use or pass a cotton receipt, as alleged in the indictment. The ·intent to injure or defraud, which the statute (Code 1907, § 6910), makes an essential ingredient of the offense charged, may be inferred from such acts in relation to a spurious instrument having the capacity to defraud.—*Denson v. State,* 122 Ala. 100, 26 South. 119; *Jones v. State,* 50 Ala. 161; *Curtis v. State,* 118 Ala. 125, 24 South. 111. It follows from the conclusion just stated that the trial ·

court was not in error in refusing the first, second, third, and fifth charges requested by the defendant.

The statute (Code 1907, § 6910) does not require that the intent to injure or defraud, which must accompany the act, must be directed against the person purporting to be the maker of the instrument; and a charge of forgery of a cotton receipt, an instrument named in the statute, does not require for its support proof that the instrument was of any value. A statement of these propositions suffices to show that the fourth, sixth, seventh, eigth, and ninth charges refused to the defendant each involved a statement which the defendant was not entitled to require the court to make to the jury.

Affirmed.