(76 South. 904)

HENDLEY et al. v. STATE. (4 Div. 676.)

(Supreme Court of Alabama. June 21, 1917. Rehearing Denied Nov. 22, 1917.)

1. CRIMINAL LAW ☞1035(6)—APPEAL—MATTERS REVIEWABLE—SAVING OBJECTIONS.

Objection to the impaneling of the jury must be taken in the court below, and exception reserved, in order that the matter may be reviewable on appeal.

2. CRIMINAL LAW ☞1144(10) — APPEAL — PRESUMPTIONS.

Unless the record shows to the contrary, the appellate court will presume that the jury heard all the evidence in the case; it being the duty of the court to see to it that the jury hears all the evidence.

3. CRIMINAL LAW ☞363 — EVIDENCE — RES GESTÆ.

In a murder case acts of the participants on a day previous to the day of the murder are not admissible as a part of the res gestæ.

4. HOMICIDE ☞189—EVIDENCE—PRIOR DIFFICULTIES—SELF-DEFENSE.

In a murder case, where the issue was self-defense, defendants might show that they had a prior difficulty with the deceased, but not the details thereof, to elucidate the reasonable appearance of conditions at the time of the homicide.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. CRIMINAL LAW ⬤⟳448(7) — EVIDENCE —
SELF-DEFENSE—ADMISSIBILITY.**

In a homicide case, where self-defense was an issue, evidence tending to show that a knife found on deceased had not been recently opened was admissible.

**6. CRIMINAL LAW ⬤⟳383—EVIDENCE—SELF-DEFENSE.**

In a homicide case, where self-defense was an issue, the court did not err in refusing to allow a witness to testify that she "expected trouble."

**7. CRIMINAL LAW ⬤⟳361(4)—CONFESSIONS—STATEMENTS OF THIRD PARTIES—ADMISSIBILITY.**

During a quasi confession, what a third party says is admissible if necessary for the purpose of connecting and rendering intelligible defendant's statement, and also if the statement involves such an accusation against one of several defendants as to call for a denial from the other defendants.

**8. CRIMINAL LAW ⬤⟳1169(2)—APPEAL—ADMISSION OF EVIDENCE—PREJUDICE.**

Where one witness testified as to statements of a third person during a quasi confession by one of several present defendants, without objection, or motion to require it to be limited to the defendant making the confession, there was no prejudice in overruling an objection to the same testimony by another witness.

**9. CRIMINAL LAW ⬤⟳361(1) — EVIDENCE — MATERIALITY.**

Where witness in murder case testified that he met defendants, and one of them said that deceased was below the old house with his head in the ditch, there was no error in overruling an objection as to whether the witness asked about the deceased; it being competent to illustrate the other testimony, though made by only one defendant, and not being denied by the others.

**10. CRIMINAL LAW ⬤⟳351(3) — EVIDENCE — FLIGHT.**

It was proper to refuse to allow defendants to show that they made no attempt to evade arrest where the state introduced no proof tending to show flight.

**11. HOMICIDE ⬤⟳297—INSTRUCTIONS—JUSTIFICATION.**

In homicide case requested charges to acquit if defendants were "justified" or "justifiable" were properly refused, where the constituent elements of the justification under the law were not given in such charges.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Robert Hendley, Ky Hendley, and Newt Hendley were convicted of murder, and they appeal. Affirmed.

The judgment entry is as follows:

Defendants, Robert Hendley, Ky Hendley, and Newt Hendley, in person, and with their attorneys, being in open court, the state elects to try Robert Hendley and Ky Hendley first. Now comes the solicitor, prosecutor for the state, and defendant each in person, and with their attorneys, and a jury for the trial of defendant being selected to the indictment as read to the jury, defendants plead not guilty. Thereupon came the jury with good and lawful men, to wit, W. A. Whiddon, foreman, and 11 others, who, first being duly sworn, on oath say: "We, the jury, find defendants guilty of murder in the second degree, and fix their punishment at imprisonment in the penitentiary for 25 years." It is therefore ordered and adjudged by the court that defendants Robert Hendley and Ky Hendley are each guilty of murder in the second degree, and defendant Robert Hendley, be-

ing present in open court, and being asked by the court if he has anything to say why the sentence of the law should not now be pronounced, says nothing. It is therefore considered, ordered, and adjudged by the court that defendant Robert Hendley be, and hereby is sentenced to imprisonment in the penitentiary of the state of Alabama for a term of 25 years. (Here follows the same as to Ky Hendley.)

W. O. Long, of Abbeville, for appellants. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

THOMAS, J. The defendants, jointly indicted for murder in the first degree, were convicted of murder in the second degree, and their punishment was by the jury fixed at 25 years' servitude in the penitentiary. The sentence of the court was pursuant to the judgment.

The tendency of the state's evidence was to show that the defendants had threatened to kill deceased, and that, in pursuance of such threats, they went in search of him, and, meeting him in the public road, shot him to death. There was a further tendency of the evidence to show that the defendant Ky Hendley fired the fatal shot, and that the defendant Robert Hendley cut the throat of the deceased. That there had been a previous difficulty between these parties was indicated by a further tendency of the evidence.

Under their plea of not guilty defendants deny an unlawful and willful killing of the deceased, and say they acted only in self-defense.

We have been unable to find that this court has ever passed upon the question involved in the insistence of appellants' counsel that the judgment entry does not affirmatively show that the jury did hear the evidence in the case. The reporter will set out the judgment entry.

As will be noted, the judgment entry positively recites that a jury for the trial of the defendants was selected; that the indictment was read to that jury; that the defendants pleaded "not guilty" to the indictment; and that thereupon "came a jury of good and lawful men," "who, being first duly sworn, on oath say," etc. This court has held this recital to be a sufficient averment that the jury were properly sworn. Storey v. State, 71 Ala. 329, 335; Roberts v. State, 68 Ala. 515, 524; Mitchell v. State, 58 Ala. 417.

[1] As to the sufficient impaneling of the jury, the recitals of the judgment entry are that the jury was selected and sworn, and rendered the verdict. Objection to the impaneling of the jury must be taken in the court below, and exception reserved, in order that the matter may be reviewable by this court. Brassell v. State, 91 Ala. 45, 8 South. 679.

[2] It is the duty of the court to see to it that the jury hear all the evidence in the

case; and unless the record shows to the contrary, this court will presume that the trial court discharged its duty in this regard. Brassell v. State, supra.

In the case of Davis v. State, 136 Ala. 20, 33 South. 817, a majority of the court held, on the recitals made in the judgment entry, that it was sufficiently shown thereby that the verdict was rendered by a jury of 12. It will be observed that the recital was, "Thereupon came a jury of good and lawful men, to wit," followed by the names of 11 individuals, and the further recital, "who on their oaths do say, 'We, the jury, find the defendant guilty,'" etc. The ruling in that case was based on the fact that at common law, and in this state, a jury is known to be constituted of 12 men, and upon the reasoning that the recital, in so far as it asserted "return of verdict" by a jury, was a proper one, to control the clerk's unnecessary interpolation of the names of the jury, showing only 11 names.

The recitals in the judgment entry in the instant case were as specific as, if not more so than, those held sufficient in the Davis Case, supra.

[3] There was no error in refusing to allow the witness Tessie Lott to testify what her father and the Hendleys did on the Sunday prior to the killing. This was not a part of the res gestæ, and was irrelevant to the issue. The same is true touching what the witness Sowell testified as to defendants and deceased's being together on the Saturday previous to the homicide.

[4] The defendants might show that they had had a prior difficulty with the deceased, but not the details thereof, to elucidate the reasonable appearance of conditions at the time of the homicide. However, they failed to limit and conduct the inquiry to this line of proof.

[5] The witness Claud Roberts properly gave the facts tending to show that the knife found on the person of the deceased had not been recently opened. L. & N. R. R. Co. v. Hayward, 75 South. 22; Orr v. State, 117 Ala. 69, 23 South. 696; Patton v. State, 156 Ala. 23, 46 South. 862; Sloss-Sheffield Co. v. Mitchell, 181 Ala. 576, 61 South. 934; Pope v. State, 174 Ala. 63, 57 South. 245.

[6] There was no error in refusing to allow the defendants to ask the witness Anna Lott whether she "expected trouble" between the parties. Lambie v. State, 151 Ala. 86, 44 South. 51.

[7] Witness Sowell, having testified that one of the defendants admitted at Bethune's store, in the presence of the other, that they killed the deceased, telling what part each took in the killing, was permitted to state that the first time defendant told the quo modo of the homicide Bethune remarked to defendants that they had better tell it different from that. This evidence does not appear to have been objected to until after the answer. The bill of exceptions recites:

"The defense objected, and moved to exclude what Bethune had said to them. The court overruled the objection, and the defendants excepted."

What a third party said to the defendant during the quasi confession is admissible for the purpose of connecting and rendering intelligible the defendant's statement, if necessary to that end, and also what was said in the presence of two or more defendants, if the statement involves such an accusation against one of them as calls for a denial by him. Poe v. State, 155 Ala. 31, 46 South. 521; Raymond v. State, 154 Ala. 1, 45 South. 895; Kirby v. State, 89 Ala. 63, 8 South. 110; Moye v. State, 12 Ala. App. 127, 67 South. 716; Powell v. State, 5 Ala. App. 75, 59 South. 530.

[8] In the case at bar, moreover, the indicated testimony was detailed by another witness, Sowell, without objection by the defendants, or motion to require it to be limited to the defendant making the admission.

[9] Witness Hutto, having testified to the effect that on the day of the murder the defendants, who were returning from the direction of the home of the deceased, told witness that, if he wished to see the deceased, he was down there below the old house with his head in the ditch, was asked by the state, "Did you ask him anything about Lott (meaning the deceased)?" The witness answered, "I did not." There was no error in overruling defendant's objection to this question, nor in refusing to exclude the same. It was competent as tending to illustrate the other testimony. Though this statement was made by only one of the defendants, yet the two defendants were together at the time of this quasi admission by one that called for some explanation or denial on the part of the other if he were innocent of participation in the crime.

The court properly refused to allow the witness Robinson to go into details of the former difficulty between the defendants and the deceased.

[10] The state having introduced no proof tending to show flight, it was proper for the trial court to refuse to allow defendants to show that they did not leave the store until the sheriff came and arrested them. Brown v. State, 150 Ala. 25, 43 South. 194; Hurst v. State, 1 Ala. App. 235, 56 South. 18.

Defendants' refused charges 1, 2, 5, 9, 12, and 14, whether good or not, were substantially covered by given charges 3, 15, 16, 20, and 21. Moreover, refused charges 1 and 2 were bad, as pretermitting the defendants' duty to retreat.

[11] Refused charges 4, 5, and 11 sought to instruct the jury to acquit if the defendants were "justified" or "justifiable," and for this reason were properly refused. Said charges did not give the jury the constituent elements of that justification under the law that would excuse the defendants for taking

the life of the deceased. The use of the words, "justified" and "justifiable" in the respective charges was ambiguous, and for this reason these charges were properly refused. Roden v. State, 97 Ala. 54, 12 South. 419; Miller v. State, 107 Ala. 40, 58, 19 South. 37; Laws v. State, 144 Ala. 118, 42 South. 40; Roberson v. State, 183 Ala. 43, 62 South. 837. Charges referring to the jury the question of justification, and leaving to their determination the elements constituting self-defense, have been held erroneous. McGhee v. State, 178 Ala. 4, 12, 59 South. 573; Ragsdale v. State, 12 Ala. App. 1, 12, 67 South. 783, where all the authorities are collected.

Refused charges 8 and 10 were covered by given charges 7 and 13. Refused charges 18 and 19 are covered likewise by given charge 17.

The law of the case was properly given the jury in the court's oral charge.

No error having been committed on the trial, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.