(97 South. 236)

**Ex parte STATE ex rel. DAVIS, Atty. Gen.**

**WHITE v. STATE.**

**(7 Div. 400.)**

(Supreme Court of Alabama. May 3, 1923.)

Homicide ☞300(12)—Request held faulty in failing to define elements of self-defense.

A request that, if defendant was free from fault in bringing on the difficulty, and deceased and his friends cut off his way of escape and opened fire on him, he had the right to fire in self-defense, *held* faulty, in failing to define the elements of self-defense.

Sayre and Gardner, JJ., dissenting.

Certiorari to Court of Appeals.

Walter White was convicted of manslaughter in the first degree, and, the judgment being reversed by the Court of Appeals, the State, on the relation of its Attorney General, applies for the writ of certiorari to review said judgment of reversal in the case of Walter White v. State, 19 Ala. App. 332, 97 South. 234. Writ granted.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The charge refused to defendant was defective in the omission to define self-defense, and to hypothesize unwillingness of defendant to enter the difficulty. Windom v. State, 18 Ala. App. 430, 93 South. 79; Lawman v. State, 207 Ala. 419, 93 South. 69; Lewis v. State, 88 Ala. 11, 6 South. 755; Brown v. State, 83 Ala. 33, 3 South. 857, 3 Am. St. Rep. 685; Baker v. State, 81 Ala. 38, 1 South. 127; Harris v. State, 123 Ala. 69, 26 South. 515.

I. M. Presley and C. A. Wolfes, both of Ft. Payne, for appellee.

Counsel insist that the charge was correct, and that its refusal justified reversal by the Court of Appeals, but cite no authorities.

McCLELLAN, J. The state's petition for certiorari to the Court of Appeals to revise its action in reversing the judgment of conviction of Walter White (appellant there) of manslaughter in the first degree because of the trial court's refusal of White's request for this special instruction:

"I charge you, gentlemen of the jury, that if you find from the evidence in this case that the defendant was going quietly down the road and was free from fault in bringing on the difficulty, and if the Hortons and Casey cut off his way of escape and opened fire on him, then he had the right to fire in self-defense."

Aside from the omission of this request for instruction to efficiently hypothesize the imminence of defendant's real or apparent peril at the time he fired, the request was faulty, justifying its refusal, in the respect that the elements of self-defense were not defined therein. Miller v. State, 107 Ala. 40, 46, 58, 19 South. 37; Hendley v. State, 200 Ala. 546, 549, 76 South. 904. The doctrine of the cases cited was properly applied by the Court of Appeals in Lawman's Case, 18 Ala. App. 569, 93 South. 69, 72, 73, and also in Windom's Case, 18 Ala. App. 430, 93 South. 79, 82, treating request 10, refused to that defendant. The trial court's refusal to this defendant of the quoted request not being

error, reversal of the judgment of conviction on that account was erroneous.

The writ of certiorari is granted; the judgment of the Court of Appeals is reversed.

ANDERSON, C. J., and SOMERVILLE and MILLER, JJ., concur.

SAYRE and GARDNER, JJ., dissent.

THOMAS, J., not sitting.