# Clark v. State.

## *Indictment for Murder.*

1. *Dying declarations as evidence.*—Where, on a trial for murder, the evidence shows that the deceased died from the affects of a lick in his stomach, and that upon the doctor examining the wound he told the deceased that he was very near death, and that he died an hour afterwards, and that the deceased repeatedly said, both before the doctor came and after he left, that he was going to die, and that he could not get over the blow, statements made by the deceased after the conversation with the doctor, that the defendant had struck the blow which caused his death, are admissible in evidence as dying declarations.

2. *Admissibility of dying declarations.*—On a trial for murder, where the evidence is conflicting as to whether the deceased was killed by a blow in the stomach inflicted by defendant with an axe, or whether defendant struck him only on the arm and he died from other causes, the dying declarations of deceased that the defendant killed him by a blow in the stomach with an axe are relevant and admissible.

3. *Charge to the jury; when not necessary to contain instructions that the jury must believe the facts beyond a reasonable doubt.*—On a trial under an indictment for murder, a charge to the jury which instructs them that if the defendant "purposely killed the deceased, after reflection, with a wickedness and depravity of heart towards said deceased, and the killing was determined on beforehand, even a moment before the fatal blow was struck, the defendant is guilty of murder in the first degree," asserts a correct proposition of law, and is not open to the objection that it fails to instruct the jury that they must believe the facts hypothesized beyond a reasonable doubt, since the charge asserts the guilt upon the facts hypothesized as being absolutely true.

4. *Same; presumption of malice.*—Where, on a trial under an indictment for murder, the evidence tends to show that the homicide was caused by the use of a deadly weapon in the hands of the defendant, but the evidence does not show that it was committed with malice, a charge which instructs the jury that "in case of homicide the law presumes malice from the use of a deadly weapon, and casts on the defendant the *onus* of repelling the presumption, unless the evidence which proves the killing shows also that it was perpetrated without malice, and whenever malice is shown, and is unrebutted by the circumstances of the killing, or by other facts in evidence, there can be no conviction for any less degree of homicide than murder," as-

serts a correct proposition of law, as applicable to the particular case, and is properly given.

APPEAL from the City Court of Talladega.

Tried before the Hon. JOHN W. BISHOP.

The appellant was indicted and tried for the killing of Will Love, and was convicted of murder in the second degree, and sentenced to the penitentiary for 15 years. The testimony introduced on the trial shows that the defendant and the deceased, Will Love, got into a difficulty on Sunday, January 28, 1894, before the finding of the indictment, in which difficulty the defendant struck the deceased with an axe, and that said Love died on the following Monday night. The evidence tended to show that Love died from the effects of a lick in his stomach. The testimony for the State being to the effect that such blow which produced his death was the one struck by the defendant with the axe; while the testimony for the defendant tended to show that he did not strike the deceased in the stomach with the axe, but hit him on his arm.

Minda Orr, one of the State's witnesses, testified that a physician was sent for and came on Monday night, and the deceased told him "that the rim of his stomach was broke, and said he did not think he would get over it." In reply the doctor told the deceased: "Its mighty near death, I'll get my instruments and see what I can do for you." After the doctor left, the deceased called the witness, Minda Orr, to his bed side, and asked her "to put her hand there, that he was in great pain there, and that there was where Anderson hit him with the axe, placing his hand on his stomach." The bill of exceptions then recites: "The defendant objected to each question as it was asked, eliciting this testimony, and to each answer as it was made by the witness on this subject, specifying as the ground of objection, that the same was not a part of the *res gestae*, that the defendant was not present, and that the same were not admissible as dying declarations; the court in answer to the objections said 'Yes, they are not admissible unless made in the fear of impending death,' but did not exclude the same from the jury. The witness then in answer to the questions of the solicitor, said the deceased repeatedly said he was going to die, before the doctor

[Clark v. The State.]

came and after he left; that he couldn't get over it, that Anderson Clark hit him in the stomach with an axe, and they'd get pay for it; but she did not say whether the questions and the answers elicited by them, objected to above, were asked and answered before or after these declarations. Deceased died about an hour after the doctor left. Witness noticed a red, bluish bruise on abdomen of deceased, the night he got there. The defendant again renewed his objections to each separate question and answer, and the court overruled the objections, and the defendant excepted to each ruling of the court on said separate questions and answers, at the time such separate rulings were made. At the close of Minda Orr's testimony the defendant moved to exclude from the jury the declarations of deceased made to Minda Orr, on the ground that they were not 'dying declarations', that they were not made in extremis, and were not made by the party injured 'touching the cause of his death,' they were not made while the deceased was conscious that he was in extremis, and that the declarations were not restricted to the circumstances immediately attending the act, and that they formed no part of the res gestae, which motion the court overruled, and permitted the declarations to go to the jury, to which ruling the defendant then and there excepted."

The court at the request of the State, gave to the jury the following written charges, and to the giving of each of them the defendant separately excepted: (1.) "The court charges the jury that if the defendant, in Talladega county, and before the finding of this indictment, purposely killed the deceased, Will Love, after reflection, with a wickedness or depravity of heart towards said deceased, and the killing was determined on beforehand, even a moment before the fatal blow was struck, the defendant is guilty of murder in the first degree." (2.) "The court charges the jury that in case of homicide the law presumes malice from the use of a deadly weapon, and casts on the defendant the onus of repelling the presumption, unless the evidence which proves the killing shows also that it was perpetrated without malice, and whenever malice is shown, and is unrebutted by the circumstances of the killing, or by other facts in evidence, there can be no conviction for any less degree of homicide than murder."

[Clark v. The State.]

J. W. VANDIVER, for appellant.—There was a failure to prove the primary facts upon which statements are admissible as dying declarations, and, therefore, the statements made by the deceased should have been excluded.—*Walker v. State*, 52 Ala. 192; *May v. State*, 55 Ala. 39; *Kilgore v. State*, 74 Ala. 1; *Ward v. State*, 78 Ala. 441.

The charges given at the request of the State should have been refused.—*Thompson v. State*, 47 Ala. 37; *Hall v. State*, 40 Ala. 698; *Boddie v. State*, 52 Ala. 395; *Fariss v. State*, 85 Ala. 1; *Ramsey v. State*, 91 Ala. 29; *Pierson v. State*, 99 Ala. 148; *Heath v. State*, 99 Ala. 179; *Hooks v. State*, 99 Ala. 166.

W. C. FITTS, Attorney-General, for the State.—The declarations testified to having been made by the deceased were admissible as dying declarations.—*Justice v. State*, 99 Ala. 180; *McQueen v. State*, 94 Ala. 50.

The charges given at the request of the State asserted a correct proposition of law, as applicable to this case, and were properly given.—*Wilkins v. State*, 98 Ala. 5; *Hornsby v. State*, 94 Ala. 66; *Gibson v. State*, 89 Ala. 121; *Sylvester v. State*, 72 Ala. 201; *DeArman v. State*, 71 Ala. 360; *Young v. State*, 95 Ala. 5; *Pierson v. State*, 99 Ala. 148.

HARALSON, J.—1. The evidence tends to show that the deceased came to his death by being struck in the stomach with an axe by defendant; and there was evidence also tending to show, that defendant did not strike deceased in the stomach but on the arm with the axe, and that he died from other causes. It was material, therefore, for the prosecution to show, that the blow inflicted by defendant on deceased was in his stomach, and that it caused his death. For these purposes the statements of the deceased, offered as dying declarations, were relevant, and the evidence shows that they were properly admitted, as made under a sense of impending death.—*Justice v. The State*, 99 Ala. 181; *Blackburn v. The State*, 98 Ala. 65.

2. It is said in the transcript, that the defendant objected, separately, to the questions to the witness by whom these declarations were proved, and to her answers, but what these questions were, we are not in-

formed, and are without the means of passing on them. The bill of exceptions states, that the witness "did not say whether the questions and the answers elicited by them, objected to above, were asked and answered before or after these declarations." What is meant by this statement is not clear. But whatever it may mean, we are definitely informed that the declarations of deceased, offered as evidence, were made repeatedly, before the doctor came to see him, and after he departed, and that deceased died about an hour afterwards.

3. Charge No. 1 has been several times held by this court to be a proper one.—*Watkins v. The State*, 98 Ala. 577; *Hammil v. The State*, 90 Ala. 577; *Long v. The State*, 84 Ala. 1. It asserts a correct legal proposition, and states facts on which guilt depends, hypothesized as absolutely true, and beyond all reasonable doubt. The defendant objected to it, on the ground, among others, that it did not contain the instruction, that the jury must believe the facts hypothesized beyond reasonable doubt. But there was no necessity for instructing the jury that they must believe these facts beyond reasonable doubt, for the charge had already hypothesized them as absolute verities. This charge is distinguishable from the one in *Pierson's Case* (99 Ala. 148), and other like charges, where we held, that when the court charges, "*if the jury believe from the evidence*," certain facts hypothetically stated, omitting the expression, "*beyond reasonable doubt*," or other equivalent words, it is reversible error. In the latter class of charges on the sufficiency of the evidence, the trial courts giving them failed to caution the juries, after telling them if they believed certain facts, that they must believe them *beyond reasonable doubt*, whereas, in the charge we now review, the court predicted guilt—as we have before stated—upon the absolute truth of the hypothesized facts in the charge. As stated therein, they must have been true and believed to be true beyond all cavil or doubt, reasonable or otherwise, before defendant could have been found guilty. The charge was not, therefore, amenable to the objection interposed to it—that it ignored the question of reasonable doubt.

4. Charge No. 2 is admitted to assert a correct principle of law, but is objected to as applicable to this case. We fail to see wherein it is not applicable. The proof

tends to show a homicide, and that it was caused by the use of a deadly weapon in the hands of defendant, and the evidence which tended to show the killing does not show that it was perpetrated without malice. If the defendant had desired an explanatory charge, he might have asked it.

Affirmed.


