# Curtis v. The State.

## Indictment for Forgery.

118   125
126    57

1. *Organization of jury; trial under an indictment for forgery.*
   Where, on a trial under an indictment for forgery, after the parties have announced ready, the solicitor suggests to the court that two of the jurors confronting the defendant were members of the jury which tried the defendant previously at the same term of the court on a charge of forgery, in which case the facts were similar, and in many instances, identical with the facts in the pending case, it is proper for the court to excuse the two jurors mentioned.

2. *Forgery; relevancy of evidence.*—Where, on a trial under an indictment for forgery, the instrument alleged to have been forged was a mortgage executed to the defendant and which had been transferred by him to a partnership, as collateral security for certain advances made by said partnership to the defendant, evidence that such partnership refused to make the advances to the defendant until he should give .additional security, and that shortly after such refusal the defendant transferred to the said partnership the mortgage alleged to have been forged, together with other collateral securities, which mortgage bore a date subsequent to the time of the refusal, is admissible.— (BRICKELL, C. J., *dissenting.*)

3. *Same;. expert testimony.*—On a trial under an indictment for forgery, where a witness, after testifying that he had been a bookkeeper for many years and had seen many different kinds of writing, then further testifies that he did not know that he had ever seen a paper that was forged, and that he had no skill or experience in comparing forged hand-writing

with genuine signatures, such witness is not competent to compare the alleged signature of an attesting witness to the forged instrument with his genuine signature to a paper not in evidence, but offered for the purpose of comparison and to state whether the signature of the said attesting witness to the instrument alleged to have been forged was genuine.

4. *Same; charge to the jury.*—Where the necessary consequence of an act which is done is to defraud, a fraudulent intent may be inferred when the said act is shown to have been knowingly and willfully done; and on a trial under an indictment for forgery, a charge which so instructs the jury is free from error.

5. *Same; inference as to the act of forgery.*—On a trial under an indictment for forgery, where the defendant is named as the beneficiary in the instrument alleged to have been forged, an inference that the defendant forged the said instrument arises from proof of the fact that he uttered and published it as true, knowing it to have been forged.

6. *Same; forgery by mortgagee; authority of creditor to sign name of debtor to mortgage.*—On a trial under an indictment for forgery, where it is shown that the person whose name was signed to the mortgage, which was alleged to have been forged, was indebted to the defendant, a charge which instructs the jury that the mere fact of such indebtedness is not sufficient to authorize the defendant to sign the name of the debtor to the mortgage in controversy, is free from error.

7. *Same; charge to the jury.*—On a trial under an indictment for forgery, a charge which instructs the jury that if the defendant signed the names of the persons alleged to have been forged to the instrument in question, with the intent to defraud, and without the knowledge and authority of such persons, the jury must find the defendant guilty, asserts a correct proposition of law, and is not open to the objection that it fails to instruct the jury that they must believe the facts hypothesized beyond a reasonable doubt; since the charge asserts the guilt upon the facts hypothesized as being absolutely true, and, therefore, beyond a reasonable doubt.

APPEAL from the City Court of Talladega.

Tried before the Hon. JOHN W. BISHOP.

The appellant, D. B. Curtis, was indicted, tried and convicted for forgery; the instrument forged being a mortgage purporting to be executed by one Daniel Cross to the defendant, D. B. Curtis, and attested by Charles Cross.

On the trial of the cause, on January 14, 1897, when the State and the defendant announced ready, and jury numbered one of the regular juries for the week being in the jury box, the solicitor called the court's attention to the fact that two of the jurors who were upon the said jury tried the defendant in November, 1896, during the same term of the city court, and that the case against the defendant, which was now to be tried, was, in many particulars similar to that case, and that many of the facts were identical; that each indictment charged the defendant with forgery, the parties upon whom the forgery was practiced being the same in each case; that the instrument alleged to have been forged in each case was traded or transferred at the same time; that the party whose name he is charged to have forged as a witness to each of said instruments was the same, and that the principal facts in reference to the proof of the case would be the same; that while the principals to the two instruments were different, in each instance the signature of the principal signed to each paper alleged to have been forged was by mark. Upon the statement of these facts, which were conceded by the defendant to be true, the court excused the two members of the jury referred to, and to this ruling the defendant duly excepted.

The instrument alleged to have been forged was a mortgage, purporting to have been executed by one Daniel Cross, whose signature was affixed thereto by the making of his mark, and the signature purported to have been witnessed by one Charles Cross.

The State introduced as a witness the said Daniel Cross, who testified that he did not execute the instrument alleged to have been forged, nor did he authorize any one else to do so for him; and there was other evidence introduced in behalf of the State tending to show that the defendant was guilty as charged.

Charles Cross, a witness for the State, and whose name was signed as the attesting witness to the instrument alleged to have been forged, testified that he did not sign the mortgage, nor had he ever seen Daniel Cross make his mark to said mortgage, nor to any mortgage to the defendant at any time.

M. L. Smith, a witness for the State, testified that he

was a member of the firm of Smith Bros., to whom the mortgage alleged to have been forged by the defendant was transferred; that prior to the transfer of the mortgage to them, Smith Bros. had made considerable advances to the defendant, and had declined to make further advances to him; that subsequent to such refusal, the defendant came to the store of Smith Bros. and transferred the note and mortgage, which was alleged to have been forged, and which had been introduced in evidence, as collateral security, with other notes, and that upon such security, Smith Bros. made additional advances to the defendant. This witness was then asked by the State's counsel the following question: "If about two weeks previous to this transaction, he had any conversation with the defendant in regard to getting these additional supplies, and if so, to state what it was?" The defendant objected to this question, upon the grounds, 1st, that it called for illegal and irrelevant testimony, and, 2d, that it called for a conversation that occurred before the alleged date of the mortgage, before the same was transferred to Smith Bros. The court overruled the objection and the defendant duly excepted. The witness then answered, that about two weeks before the transfer of said mortgage to Smith Bros. the defendant asked him as a member of the partnership, to make him additional advances; that he refused to do so unless the defendant would give Smith Bros. additional security; that defendant then said that he had some notes and mortgages of his tenants which he could give him as collateral security, and that he would transfer these to Smith Bros. for the additional advancements; that thereupon the witness agreed to make defendant further advances upon the delivery to them of such collateral security, and that in pursuance of this agreement and arrangement, the defendant transferred to Smith Bros. the mortgage alleged to have been forged. The defendant moved to exclude this testimony of the witness, upon the same grounds stated as grounds of objection to the question. The court overruled the objection, and the defendant duly excepted.

The evidence for the defendant tended to show that the instrument alleged to have been forged was not, in fact, forged; that the mortgage had been executed by Daniel Cross making his mark; that Charles Cross

had signed his name thereto as an attesting witness. There was also evidence introduced in behalf of the defendant that the writing in the body of the mortgage was not in the same handwriting as was that in which the name of Charles Cross was written, nor as that in which the name of Daniel Cross was written. The defendant testified that the mortgage of Daniel Cross, which was alleged to 'have been forged, was executed to him by said Daniel Cross to secure an indebtedness to him; while the testimony for the State tended to show that there was no indebtedness from Daniel Cross to the defendant.

James H. Hayden was introduced as a witness for the defendant, and after testifying that he had been a bookkeeper for many years and had seen many different kinds of handwriting, further testified that 'he did not know that 'he had ever seen a paper with a signature that was forged; that he had no skill in comparing forged handwriting with genuine handwriting.. Upon this witness being asked to compare the alleged signature of Charles Cross as a witness to the forged instrument with 'his genuine signature to the paper introduced in evidence, and offered for the purpose of comparison, and to state if the signature of the said Cross was genuine, the State objected on the ground that the instrument containing the genuine signature was not introduced in evidence; and that the witness was not shown to have been an expert. The court sustained the objection, and the defendant duly excepted.

Upon the introduction of all the evidence, the court, at the request of the solicitor, gave to the jury the following written charges; and to the giving of each of these charges the defendant separately excepted: (1.) "If the evidence shows that a person knowingly and willfully does an act the probable consequences of which would be to injure or defraud, the jury may infer a fraudulent intent." (2.) "The jury may infer that the defendant did himself forge the purported instrument, if they believe beyond a reasonable doubt from the evidence that he uttered and published it as true, knowing it to have been forged." (3.) "The mere fact, if it be a fact, that Cross was indebted to Curtis would not be sufficient to authorize Curtis to sign the

[Curtis v. The State.]

name of Cross to the mortgage in controversy." (4.) "The. court charges the jury that if the defendant signed the name of Charles Cross and the name of Daniel Cross and made 'his mark thereto with the intent to defraud, express or implied, without the .knowledge. and author- ity of Daniel Cross and Charles Cross, then you must find him guilty, whether there was any evidence of in- debtedness from Cross to Curtis or not."

C. C. WHITSON, for appellant.—The action of the court in excusing the two jurors after the trial had been entered upon, was erroneous.—*Calhoun v. Han- nan,* 87 Ala. 277.

The charges given by the court at the request of the State were erroneous, and should have been refused.— 3 Brick. Dig., 109, §33; *Bostic v. State,* 94 Ala. 45; *Kidd v. State,* 83 Ala. 58; *Calhoun v. Hannan,* 87 Ala. 277; *Gooden v. State,* 55 Ala. 178; *Heath v. State,* 99 Ala. 179; *Pierson v. State,* 99 Ala. 148.

WILLIAM C. FITTS, Attorney-General, and KNOX, BOWIE AND DIXON, for the State.—There was no error in the ruling of the court in excusing the two jurors.— *Smith v. State,* 55 Ala. 1; *Wickard v. State,* 109 Ala. 45.

The ruling of the court in declining to allow the wit- ness Hayden to make the comparison between the sig- nature of the attesting witness to the alleged forged in- strument and his genuine signature was free from error. *Kirksey v. Kirksey,* 41 Ala. 626; *Snider v. Burks,* 84 Ala. 56; *Gibson v. Trowbridge Furniture Co.,* 96 Ala. 357.

HARALSON, J.—1. There was no error, under the facts set out, in excusing the two jurors, Wood and Ty- lor, on suggestion of the solicitor, from sitting on the jury to try defendant. .The fact that the persons com- posing jury number one, were in the box, at the time the parties announced ready for trial, did not imply necessarily that they were ready to try with those per- sons as a jury. The State had a right to challenge these two jurors for any reason. The solicitor, for the rea- sons set out, asked that the two jurors be excused from

the jury. It was his right to exclude them, for they were subject to challenge for cause. If the court had excused them *mero motu*, its action would have been free from error.—Code of 1886, §4334; *The State v. Marshall*, 8 Ala. 302; *Smith v. The State*, 55 Ala. 1; *Garrett v. The State*, 76 Ala. 20; *Griffin v. The State*, 90 Ala. 599.

2. There was no error in admitting the conversation between M. L. Smith, of the firm of Smith Bros., to whom the alleged forged mortgage was transferred. The conversation related to collateral securities which defendant proposed to give said firm for advances to be made to him, and a promise that he would bring them later, which he did do,—about two weeks afterwards,—and on the transfer of which,—including the alleged forged mortgage,—and in consideration of which, Smith Bros. made advances in goods, provisions, etc., to defendant. This conversation tended to show the motive of defendant to forge and utter the instrument, and to injure and defraud said firm. The alleged forged mortgage purports to have been executed on the 24th of April, three days only before, as the evidence shows, it was transferred by defendant to Smith Bros.

3. The witness, Hayden, testified that he did not know that he had ever seen a paper that was forged, and that he had no skill or experience in comparing forged handwritings with genuine ones. He was asked to compare the alleged signature of Charles Cross, as a witness to the forged instrument, with his genuine signature to a paper, not in evidence, offered for the purpose of comparison, and state if the signature of the said witness to the mortgage was genuine. This the court properly disallowed.—*Griffin v. The State*, 90 Ala. 596; *Moon v. Crowder*, 72 Ala. 79; *Kirksey v. Kirksey*, 41 Ala. 626.

4. Charge 1 given for the State is, in substance, that the law presumes every one intends the necessary consequences of his own act, and that when one does an act legally wrong in itself, the law presumes the intent to do that act, the act itself, evidencing the illegal intent.—*Stein v. The State*, 37 Ala. 133; 3 Gr. Ev., §13.

Nor was there error, as applicable to the facts in this case, in charge 2 requested by the State.—*Hobbs v. The State*, 75 Ala. 1; *Allen v. The State*, 74 Ala. 557.

There was evidence on which to base charge No. 3, and we find no error in it.—*Bush v. The State*, 77 Ala. 83.

There was no error in giving charge No. 4 by the State. The predicated fact is hypothesized as absolutely true, and therefore beyond reasonable doubt. We have several times upheld such charges.—*Clark v. The State*, 105 Ala. 91; *Wilkins v. The State*, 98 Ala. 1; *Hammil v. The State*, 90 Ala. 577; *Bush v. The State, supra.*

Affirmed.

McCLELLAN, J., concurs in the foregoing opinion in its entirety. Other members of the court express their opinions as to the principle announced in paragraph 2 of the opinion, as indicated by BRICKELL, C. J.

BRICKELL, C. J.—"It is a cardinal rule in the law of evidence, that facts and circumstances, which, if proved, are incapable of affording a just, reasonable inference or presumption in relation to a material fact involved in the issue on which the jury are to pass, are irrelevant and inadmissible. Testimony to be admissible must relate to and be connected with the transaction it is intended to elucidate, and the connection with it must not be remote, or a forced, strained, or mere conjectural conclusion. It must have a reasonable tendency to prove or disprove a material fact in issue. Of itself, it may not be full proof or disproof; it may be but a single fact or a collection of facts, or a single link in a chain of circumstances, or it may be merely corroborative. When it is without either of these properties; when it is of remote and collateral facts, from which no fair and reasonable inference can be drawn, it is inadmissible, since, as is said by Starkie, it is 'at least useless, and may be mischievous, and may tend to distract the attention of the jury, and frequently to prejudice and mislead them.'—*Governor v. Campbell*, 17 Ala. 566; *Seals v. Edmondson*, 71 Ala. 509; *State v. Wisdom*, 8 Port. 511."—*Karr v. State*, 106 Ala. 1, 7.

Again, it has been said: "In the course of trials by jury, a grave duty resting on the court, not infrequently attended with much difficulty, is to guard against the

introduction of irrelevant evidence. Such evidence is but seldom harmless; if admitted, it often necessitates widening the scope of inquiry, directing it to facts and circumstances ·which, if found; ought not to exert an influence in the determination of the issues; may surprise and oppress the party against whom it is introduced, who cannot be presumed to be prepared to meet other than material, relevant evidence; prolongs trials injuriously, and has the effect, or tendency, to mislead the jury directing their attention from the evidence on which the verdict ought to be based. The test of the relevancy of evidence, it is said by Wharton, is, whether it 'conduces to the proof of a pertinent hypothesis; a pertinent hypothesis being one, which, if sustained, would logically influence the issue.'—1 Whart. Ev., §20."— *Whitaker v. State,* 106 Ala. 30.

My own opinion is, that the evidence that Smith Bros. had refused to make further advances to the defendant, without additional security, and that afterwards upon the uttering to them of the mortgage alleged to be forged, they made such advances, was irrelevant and should have been excluded. It had no tendency to establish the material fact upon which the guilt of the defendant depended—it related to remote and collateral facts from which no fair and reasonable inference could be drawn, was mischievous, tending to distract the attention of the jury from the real issue, and to prejudice and mislead them.

My brothers, COLEMAN and HEAD, are of opinion, the evidence may be admissible to show the relations and course of dealing between the defendant and Smith, but do not concur in the opinion of our brother HARALSON, that it was admissible for the purpose of showing a motive on the part of the defendant to forge, or utter the mortgage knowing it to have been forged. As well could it be said that to prove larceny, or any kindred offense, it would be permissible to give evidence that the pecuniary necessities, or the poverty of the accused, generated a motive for the commission of the offense. In all other respects there is concurrence in the opinion of our brother HARALSON.