# Bartlett *v.* The State.

## *Forgery.*

### (Decided April 10, 1913. 62 South. 320.)

1. *Forgery; Variance; Description of Instrument.*—Where the indictment charged the forged endorsement of a check, and purported to set out the check in hæc verba, describing it as numbered 66,490, and dated Dec. 2, 19_____, there was a fatal variance where the evidence showed that it was numbered 00,490, and dated Dec. 3, 1911.

2. *Same; Indictment; Description of Instrument.*—In a prosecution for forgery, the indictment may set out the forged instrument in hæc verba, or according to its legal tenor and effect.

3. *Same; Issue, Proof and Variance.*—Where the indictment sets out the instrument alleged to have been forged in hæc verba, there must be practically a literal correspondence between the paper offered in evidence, and the one set out in the indictment, but where the instrument is described according to its legal tenor and effect, substantial proof is sufficient.

4. *Same; Evidence.*—Under section 6910, Code 1907, an intent to injure or defraud is an element of forgery, and hence, evidence that the defendant endorsed a check by the name A. B., that he was identified by a third person as A. B., whereupon, the bank cashed the check, and that he was known to another witness as J. W. B., would not support a conviction for forging the indorsement without evidence that he was not known to the drawer as A. B., or was not the person to whom the drawer intended to make the check payable, as there could be no intent to injure or defraud, if he was the intended payee, although the name which he endorsed thereon, was not his own.

5. *Same.*—Usually the intent to injure or defraud is not susceptible of direct or positive proof, and hence, in a prosecution for forgery it may be established by inference from conduct, in the light of surrounding circumstances.

6. *Same.*—Where the reasonable inferences from the undisputed evidence were consistent with defendant's innocence of any intent to injure or defraud, the court might properly direct a verdict for defendant.

[Bartlett v. The State.]

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Will Bartlett was convicted of forgery, and he appeals. Reversed and remanded.

W. W. MALONE, and JAMES G. RANKIN, for appellant. There was a fatal variance between the instrument offered and that set out in the indictment.—*Leith v. State,* 312 Ala. 26; *Agee's Case,* 113 Ala. 52. The state failed to make out a case as charged against defendant.—53 S. W. 864; 27 S. W. 816; 48 Pac. 1024; 56 Pac. 750; 2 East. P. C. 996. The evidence does not show forgery. —*Rembert v. State,* 53 Ala. 467; 37 N. E. 1040; *Williams v. State,* 126 Ala. 50.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no material variance between the instrument and that set out in the indictment.—*Baysinger v. State,* 77 Ala. 63; *Allen v. State,* 74 Ala. 559; *Gardner v. State,* 98 Ala. 12. On these authorities, it was competent to prove the statement of defendant on delivering the forged instrument.

THOMAS, J.—The defendant was charged in Code form with forging the name of A. Bartlett by indorsing it on the following check: "No. 66490. Memphis, Tenn., December 2, 19——. Pay to the order of A. Bartlett $20.00 twenty dollars. To Security Bank & Trust Co., Memphis, Tenn. S. T. Beer, Cashier, by Consolidated Film & Supply Co." The instrument introduced by the state in support of the charge, over the objection and exception of defendant, made on the ground of a variance, was as follows: "No 00490. Memphis, Tenn., Dec. 3, 1911. Pay to the order of A. Bartlett

$20.00 twenty dollars. S. T. Beer, Cashier. To Security Bank & Trust Co., by Consolidated Film & Supply Co., Memphis, Tenn."

Waiving, because unnecessary to consider, the effect of the possible difference between the two as to the drawer or maker of the respective instruments, which difference is probably due to the erroneous transposition of the names by the clerk in copying the original check into the transcript, yet there is also an apparent variance between the two in their respective numbers and dates. The check described in the indictment, it will be observed, is numbered "66490" and dated "Dec. 2, 19——," while the one introduced in evidence is numbered "00490" and dated "Dec. 3, 1911." The indictment made the number and date of the check forged a material mark of its identification and description, as much so as the amount of it, and under the indictment the defendant could no more be convicted of forging an indorsement of a check of a different number and date than he could of one for a different amount. There is as much difference between the two as there is between a white horse and a black horse. They are simply different things. If defendant were indicted for stealing a horse, he could be convicted, whether the horse stolen was black or white or otherwise; but if he were indicted for stealing a black horse he could not be convicted of stealing a white one.—*McClerkin v. State*, 105 Ala. 112, 17 South. 123. The description in the indictment of the instrument which is the subject of the forgery may be either in hæc verba or according to its legal tenor and effect. When in the former mode, there must be practically a literal correspondence between the paper offered in evidence and the one alleged; but when the latter mode is employed substantial proof is sufficient.—13 Ency. Evidence, p. 725.

[Bartlett v. The State.]

If the defendant were subsequently indicted for forging the indorsement on the check offered in evidence here, he could not on that trial sustain a plea of former jeopardy resulting from the proceedings here by introducing in evidence the record of his conviction under the present indictment; for upon the face of the record it would affirmatively appear to be a different offense—a different check that was forged.—*Butler v. State,* 22 Ala. 47.

The defendant introduced no evidence, and that for the state consisted only of the testimony of two witnesses, one of whom was the cashier of the Citizens' Bank of Athens, who testified that the defendant came into his banking office and presented the check introduced in evidence, and said, in response to an inquiry from the witness, that his name was A. Bartlett (that of the payee named in the check); that thereupon witness told him that in order to get the check cashed it was necessary for him to get some one to identify him and indorse the check with him; that Anthony Crook, who appears to have been known to the witness, then identified the defendant, and each indorsed the check, the latter as A. Bartlett; whereupon witness paid the defendant the amount thereof.

The other witness for the state testified that he knew the defendant, and had known him seven or eight years, and that his name is J. Will Bartlett; that during that time he had known him in a business way, and had seen him sign some 14 notes, and that in signing and acknowledging notes and mortgages he never subscribed them in any other way than as either J. Will Bartlett or J. W. Bartlett; and that witness never knew him as A. Bartlett.

This was all the evidence, and upon its conclusion the defendant requested in writing the general affirmative charge in his behalf, which was refused.

We are of opinion, aside from the matter of variance hereinbefore considered, that this charge should have been given. Forgery at common law is defined by Bishop in a general way to be the "false making, or materially altering, *with intent to defraud,* of any instrument which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability."—*Rembert v. State,* 53 Ala. 467, 25 Am. Rep. 639. Our statute (Code 1907, § 6910) defines forgery in the second degree as the "false making, altering, forging or counterfeiting, *with intent to injure or defraud,* any * * * bond, bill single, bill of exchange, promissory note, or indorsement thereof," etc. It thus appears that while it is not essential to a conviction for the offense of forgery that proof should be made that any person had been actually defrauded or injured by the forgery, yet it is essential that the act should have been committed with the intent to injure or defraud.—*Denson v. State,* 122 Ala. 100, 26 South. 119. Intent, of course, is a state of the mind not susceptible of direct or positive proof, and must be arrived at alone by inferences to be drawn from the conduct of the party, in the light of the surrounding facts and circumstances.—*Hurst v. State,* 1 Ala. App. 239, 56 South. 18; *Denson v. State,* 122 Ala. 103, 26 South. 119. If, upon the undisputed evidence, the reasonable inferences are consistent with the party's innocence, he is entitled to an affirmative charge in his favor. Assuming as true here every fact proved by the state, they are not sufficient to make out a prima facie case.

It neither appears from the evidence that anybody was defrauded by defendant, or that there was an intent on his part to defraud anybody. For aught that appears, the check, the indorsement of which he is charged with forging, was intended to be drawn in his favor, and should have been paid to him. The fact that one

[Cheshire v. The State.]

witness, who had had business dealings with defendant, never knew him as A. Bartlett, but only as J. Will or J. W. Bartlett, is not sufficient to show that he was not sometimes known as A. Bartlett to the drawer of the check, when the other evidence for the state shows that he was so known to the person who identified him at the bank and indorsed the check with him.  The evidence for the state was incomplete, in that it did not show or tend to show that the check was not intended for the defendant, and that it was not his property.  If it was intended for him and was his property, there could be no intent to defraud by indorsing it, although there may have been even a mistake in his name as payee, which he followed in indorsing it for the purpose of getting it cashed. ·

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.