(133 So. 915)

## OVERBY v. STATE.

### 7 Div. 722.

Court of Appeals of Alabama.
April 14, 1931.

E. O. McCord & Son, of Gadsden, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

█ The indictment was in Code form (Code 1923, § 4556, subsec. 62), and, under the decision in Benson v. State, 124 Ala. 92, 27 So. 1, the indictment charged forgery in the second degree, and the verdict responded to the charge. The demurrer to the indictment was properly overruled.

█ The state claimed and undertook to prove that the name signed to the check and also the payee were fictitious persons. In making this proof, evidence as to the result of inquiries made for the persons whose names appear on the check is admissible to show their nonexistence, although the persons making the inquiries may have been unacquainted with the places, or search may not have been extensive. Being a purported check, it may be shown that the drawer had no account with the bank or that no one of that name lived at the place. It was also admissible for witnesses who lived in the community to testify that no such person existed, so far as witness knew, and that he did not know of such persons whose names were signed to the check. 26 Corpus Juris, 963 (122).

█ Although the original check is not before us for inspection, we gather from the evidence in the bill of exceptions that it was poorly written and not easy to decipher, at least as to the names appearing on the check. That being the case, and the witness Searcy having qualified as an expert, the witness Searcy, over the objection and exception of defendant, was allowed to testify that the name written as payee was J. B. Willis; that the names written as indorsers were Will Martin and C. E. Jenkins. One of the questions involved in this case was that of a variance between the check set out in the indictment and the one offered in evidence. This testimony called for a conclusion, but, in view of the fact that the check as recited in the bill of exceptions gives the names as testified to by the witness Searcy, and there is nothing in the record to contradict it, we can see no injury to the defendant by this testimony. There was evidence from which the jury might conclude that the name signed to the check was fictitious, and, if it was made or uttered with the intent to defraud, and showed on its face that it had sufficient efficacy to enable it to be used to the injury of another, it would be forgery or uttering, as the case might be. 26 Corpus Juris, 899 (9).

█ It is insisted on the part of appellant that there is no evidence tending to prove that he made, or caused to be made, the check here charged to be forged. This would be true but for the rule that one found in the possession of a forged instrument of which he purports to be the beneficiary, and applying it to his own use, must, in the absence of explanation satisfactory to the jury, be presumed to have forged it or to have been privy to its forgery. Hobbs v. State, 75 Ala. 1.

█ The evidence in this case tending to connect the defendant with the forgery is largely circumstantial. Where this is the case a charge as follows: (6) "The court charges the jury that if all the evidence can be reconciled on the theory of the innocence of the defendant you should acquit him," should have been given as requested, and its refusal is error. McKenzie v. State, 19 Ala. App. 319, 97 So. 155; James v. State, 18 Ala. App. 236, 89 So. 864; Pickens v. State, 115 Ala. 42, 22 So. 551.

█ There is also another reason why this judgment must be reversed. The check charg-

ed to have been forged is set out in hæc verba in the indictment as follows:

> "Counter Check
> "Boaz, Ala. Jaurby 24, 1929.
> "The National Bank of Boaz
> "61—216
> "Pay to the order of J. B. Willis....$12.00
> twelve.......and no cents....Dollars
> "Will Miller."

The letters "Jaurby" appearing in the check mean nothing, which leaves a check or order without date. The check introduced and read in evidence bears date February 24th, 29th. Objection was made to the introduction of the check in evidence on the grounds of a variance. The description in the indictment of the instrument which is the subject of the forgery may be either in hæc verba or according to its legal tenor and effect. "When in the former mode there must be practically a literal correspondence between the paper offered in evidence and the one alleged; but when the latter mode is employed substantial proof is sufficient." 13 Enc. Ev. p. 725. The foregoing statement of the law was quoted with approval by this court in a case similar to the case at bar, and, adhering to that opinion, we hold that the check offered constituted a variance as the same appears in the record and should have been excluded. Bartlett v. State, 8 Ala. App. 248, 62 So. 320.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.