31 So.2d 513

## TIDWELL v. STATE.

### 8 Div. 557.

Court of Appeals of Alabama.

June 30, 1947.

F. S. Parnell, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for and by a jury found guilty of forgery in the second degree.

The evidence presented by the state tended to show that the appellant, representing himself as S. M. McGee, payee of a check in the amount of thirty-two dollars, drawn on the First National Bank of Florence, and signed by "C. B. Smitch," prevailed upon J. B. Holt, Jr., to cash the check. Appellant told Holt that he was a good friend of his father, who had previously cashed checks for him, and further that he resided on the Lee Highway, Route 5, Florence, Alabama.

Payment of the check was refused by the bank as no one by the name of "C. B. Smitch" had, or ever had, an account with the bank. Diligent search on Mr. Holt's part failed to unearth any such person as S. M. McGee living on the Lee Highway, Route 5, Florence, Alabama.

Some days after cashing the above check Mr. J. B. Holt, Jr., identified the appellant as the party for whom he had cashed the above check, appellant at the time being in custody of the police, the identification being of course repeated by Mr. Holt while a witness in the trial below.

The appellant, testifying in his own behalf, denied that he was the party who had presented the check to Mr. Holt.

Thus, purely a question of fact was presented, which the jury resolved adversely to the appellant. This being so, the established principle that one possessing a forged instrument, and applying it to his own use may, in the absence of a satisfactory explanation, be presumed to have fabricated it, or have been privy to its fabrication, fully supports the verdict rendered under the facts presented in this case by the State. Curtis v. State, 118 Ala. 125, 24 So. 111; McGee v. State, 20 Ala.App. 221, 101 So. 321; Overby v. State, 24 Ala.App. 254, 133 So. 915.

The trial court was called upon for but few rulings. In each instance the rulings were so manifestly correct and invoked such well-settled principles that we refrain from discussion in the interest of brevity.

Appellant's refused written charges Nos. 11 and 17 being the general affirmative charge for the appellant were properly refused under the evidence presented. Appellant's refused written charge No. 9 was covered by other written charges given at the request of the appellant, and also covered by the very adequate oral charge of the court.

In our opinion this record is completely free of error materially affecting the substantial rights of the appellant and this cause is due to be, and hereby is, affirmed.

Affirmed.