58 So.2d 900

## SPRATLIN v. STATE.

### 5 Div. 383.

Court of Appeals of Alabama.
May 13, 1952.

Baker & Dickinson, Opelika, for appellant.

Si Garrett, Atty. Gen., and M. Roland Nachman, Jr. (Wm. H. Sanders, Montgomery, of counsel), for the State.

CARR, Presiding Judge.

The accused was indicted and convicted for forgery. The written instrument in

question was a check in the amount of $90.

According to the evidence in behalf of the prosecution, the appellant purchased a watch in a jewelry store in Tuskegee, Alabama. In payment therefor he gave the check. It appears from the evidence that the name of the maker was a fictitious person, although the defendant stated to the saleslady at the jewelry store that it was his father.

The appellant did not testify at the trial below, but he introduced several witnesses who testified that the accused was in Laurel, Mississippi on the day the watch was purchased.

The sufficiency of the evidence to support the judgment is only presented by a motion for a new trial.

Our review comes under the influence of Williams v. State, 126 Ala. 50, 28 So. 632, 634. In that case Justice Tyson, writing for the court, held:

"Under the evidence it was a question for the jury to determine whether or not the name of the drawer was fictitious. If fictitious, the case is one in which the defendant, being in possession of the check drawn by a person having no existence, sold it to LaPrade for value. If the drawer had no existence, of necessity the name must have been affixed by some one without authority,—a forgery. The defendant having uttered it, as we have shown, and the check being payable to his order, the jury were authorized to infer an intent to defraud, and that he himself forged it."

See also, Harris v. State, 19 Ala.App. 484, 98 So. 316.

■ The evidence for the State established the fact that the appellant was in possession of a forged instrument of which he claimed to be the beneficiary. He uttered it. Under this proof the jury had a right, in the absence of satisfactory explanation of the possession, to infer that he forged it or was privy thereto. Hobbs v. State, 75 Ala. 1; Curtis v. State, 118 Ala. 125, 24 So. 111; Overby v. State, 24 Ala. App. 254, 133 So. 915; Tidwell v. State, 33 Ala.App. 198, 31 So.2d 513.

■ The third ground of the motion for new trial is:

"That new evidence discovered after the trial in this cause shows that the Defendant was in Laurel, Mississippi on the date he is charged with passing a forged check in Macon County, Alabama."

This is not a compliance with the rule relating to properly presenting the insistence of newly discovered evidence by means of a motion for a new trial. Stone v. State, 243 Ala. 605, 11 So.2d 386.

■ Written instruction number 3 refused to the defendant is unmistakably argumentative.

We have responded to each question presented for our review.

The judgment below is due to be affirmed. It is so ordered.

Affirmed.