217 So.2d 551

**Roy Marshall WILLIAMS**

v.

**STATE.**

**4 Div. 614.**

Court of Appeals of Alabama.

Jan. 7, 1969.

John J. Martin, Dothan, and Richard F. Calhoun, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a judgment of conviction of second degree burglary for which the court below sentenced Williams to serve six years in the penitentiary.

Mr. W. B. McKay, Sr., was an accountant. He used a house trailer as his office. On the night of November 18–19, 1966, his son noticed that some one was in the trailer.

The police were called and found Williams in the trailer. There was proof of breaking and entering.

## I.

During the trial the jury was allowed to separate for lunch. The record shows:

"THE COURT: All right. Now it is ten after twelve, ladies and gentlemen of the Jury. I am going to allow you to separate and go to your homes or to some place else to have your lunch. While you are out of the Jury Box, I instruct you not to discuss this case among yourselves, not to discuss it with anyone else, or allow anyone to discuss it with you. If anyone attempts to discuss this case with you in any way, I want you to notify the Court. You forget about this case until you get back in the Jury Box, and you be back at 1:15, in the Jury Box. You may go now.

"(Whereupon, the Jury was excused until 1:15 P.M., same date.)

## "AFTERNOON SESSION

"THE COURT: All right. Mr. Harris, are you ready to proceed?

"MR. HARRIS: Defendant is ready, your Honor."

The State in brief submits the following argument:

"Appellee submits that upon the separation of the jury the defendant must move for a new trial or a mistrial. The defendant and his counsel should not stand by without objection to a course of action pursued by the trial court, take their chances on the outcome of the trial, and, if it is unfavorable, condemn that which in effect they acquiesced in, and sanctioned by silence.

"As stated in Stern vs. United States, 219 F.2d 263, (1955):

"'Stern cannot now complain of the separation of the jury before the verdict. No complaint or objection was made at the time. No timely motion for new trial was made on this ground and it seems that Stern consented to the separation.'

"Appellee submits that any question as to the propriety of the action of the trial court in this regard is not before us, as the appellant made no objection to this action of the court."

To which we could add the opinion of Brickell, J., in Robbins v. State, 49 Ala. 394:

"BRICKELL, J.—The separation of the jury, the prisoner not objecting, was a matter within the discretion of the court, and cannot be made the subject of revision on error. If it was irregular, or if any injury to the accused resulted from it, it is matter on which to ground an application for a new trial. We concur in all that is said on this point by Chief Justice Peck, in the case of Williams v. The State, 45 Ala. 57. It is the safer practice, especially in cases of felonies, not to permit the jury to depart the presence of the court, even on an adjournment, unless attended by a sworn officer, and not to permit them to separate even then.

"Let the judgment of the court below be affirmed."

We consider that no question was presented to the trial judge for his ruling. The judgment is due to be

Affirmed.