PER CURIAM.
The Grand Jury of Shelby County, Alabama returned an indictment against the appellant, Joseph Arnold, Jr., as follows:

*875 He was found guilty as charged in the indictment and sentenced to three years imprisonment in the penitentiary.
The appellant is now, and was represented by counsel of his own choice at all stages of the proceedings in the trial court. This appeal was submitted to this Court on briefs. In appellant’s brief he complains of several adverse rulings by the trial court to reverse his conviction. We shall consider these complaints in the order set out in appellant’s brief.
First, the appellant contends that State’s Exhibit No. “1” varies materially from the indictment. State’s Exhibit 1 purports to be a doctor’s prescription alleged in the indictment to have been forged by the appellant, and is set out in the indictment. From a careful inspection of the record in this cause, it was apparent that it was necessary that the Court have sent up to this Court the original indictment, and the original of State’s Exhibit No. “1” for inspection.
Upon inspecting the prescription set out in the original indictment, and the original of State’s Exhibit 1 we find them to be identical. We hold that this Court has a right to have sent up to this Court for inspection an original document or exhibit when requested. Rule 13, of Appellate Procedure. State’s Exhibit 1 and the instrument set out in the indictment being identical there is no material variance.
Appellant’s next contention is that the State did not prove that the alleged forged prescription was for a controlled narcotic drug.
State’s witness, Linton Porter, testified that he lived in Alabaster, was and had been for 25 years a Licensed Pharmacist, that he owned Porter’s Drugstore in Alabaster, that on May 11,1974 State’s Exhibit 1 was presented to him with a request that it be filled, that he did not fill it, that he put his initials and the date on the piece of paper and handed it back to the customer, that he had filled other prescriptions like it, that it was for a cough syrup containing two antihistamines plus 10 milligram of co-dein per teaspoonful, that it is a schedule 5 drug, that there is a schedule set up by the Bureau of Narcotics from 5 down to 1, that the further you go down from 5 to 1 the more potent the drug is, this would be of the weaker, but it is classed as a controlled drug. That he had never filled a prescription for the doctor who signed his name to the prescription, and that he did not know a doctor in this area by that name.
Appellant insists that codein is not a controlled narcotic drug as defined in Title 22, Section 258(37) Code of Alabama, as last amended, because there it is spelled codeine, and in the record before us it is spelled codein.
There are words spelled in different ways having the same meaning. It so happens codeine is also spelled codein, and cod-eia. Webster’s New International Dictionary.
We consider the evidence sufficient to sustain a finding by the jury that the prescription was for a controlled substance as defined in Title 22, Section 258(37) Code of Alabama, as last amended.
The appellant insists that the trial court erred in overruling his motion to exclude the evidence of State’s witness Charles Ray Vance.
Vance testified in substance that he was and had been Assistant Administrator of Lloyd Nolan Hospital for the past 6 years, that the hospital had a closed staff of physicians, that he knew them all, that he was familiar with State’s Exhibit No. 1, that he did not know a Doctor Sol Bernsteine. That he did not know of a Doctor Bern-steine ever practicing at Lloyd Nolan Hospital.
The evidence offered by witness Vance was proper to go to the jury to be considered along with all the other evidence in the case on the question of a forgery by signing a fictitious name. If the name signed to State’s Exhibit No. 1 was fictitious, then it was forgery. The weight to be given the evidence was a matter for the jury to consider. Williams v. State, 126 Ala. 50, 28 So. 632; Overby v. State, 24 Ala.App. 254, 133 So. 915.
*876 The next error insisted on by appellant in his brief is that the State failed to prove a forgery.
In addition to the testimony of State witnesses Porter and Vance the State’s witness Earnest Moore testified that he lived at Smithville in Birmingham, that he had been acquainted with the defendant about 3 years, that defendant came by Moore’s house on the morning of May 11, 1974 in defendant’s Chevrolet car. That Moore owned a 1959 Model Black Pontiac, that the defendant and Moore left Moore’s house in Moore’s car with the defendant driving and went to Ensley, Hoover and then to Big ‘B’ Drugstore in Pelham. That defendant stopped the car in the Big ‘B’ parking lot. That Moore went in the drugstore to get the prescription filled. That State’s Exhibit No. 1 is the prescription. That he did not get it filled. That before he went to Big ‘B’ Drugstore the defendant gave Moore the prescription. That it was attached to a pad of blank prescriptions. That when he left Big ‘B’ Drugstore they went on down the street a little further to Porter’s Drugstore. Moore went in Porter’s Drugstore and presented the prescription to the druggist. That Moore did not receive the drug that he requested through the prescription. Moore further testified that when defendant came to Moore’s house on the morning of May 11, 1974 that defendant said to Moore, “well, just wanted to go get some syrup.’’ That syrup is cough syrup that’s drunk, some syrup to get high on. That when they left Porter’s Drugstore they drove toward Alabaster, that the police got them in Alabaster. When the police got after them, Moore threw State’s Exhibits Nos. 1 and 2 under the car. That State’s Exhibits 1 and 2 are the pieces of paper he threw under the car when the police stopped them. That he, Moore, did not write the prescription. That he is now in prison for selling heroin, barbiturates, possession of marihuana, buying and receiving, and burglary. That the defendant was driving the car when the police stopped them.
Deputy Sheriff Cosby, a witness for the State, testified that he was at the scene of the arrest of defendant on May 11, 1974, that he saw the defendant after he had stopped the car, that the defendant was driving, that Earnest Moore was in the car when he stopped it. That the prescription forms are now in the same condition as when he got them at the scene of arrest. They were wrinkled and in mud under the car.
Officer Oliver, an Alabaster Policeman, testified that on May 11,1974 he stopped an old black Pontiac car, that Earnest Moore was on the right side and was opening the door, getting out. That Moore grabbed some prescriptions and threw them under the car. That Oliver got the prescriptions from under the car and gave them to Officer Cosby.
The appellant did not testify on the trial below. He only offered Defendant’s Exhibits 1 and 2. Defendant’s Exhibit 1 is a record in a ease in Shelby County against Earnest Moore for violating the Alabama Uniform Control Substance Act in which he was sentenced to the penitentiary for 3 years. Exhibit No. 2 is a record of a case in the same court against Earnest Moore for possession of forged prescription in which a nolle prosequi was entered.
The evidence of State’s witnesses, Porter, Vance, Moore, Cosby, and Oliver, together with State’s Exhibits One and Two, is sufficient to prove a forgery by signing a fictitious name.
This Court holds that under the evidence it was a question for the jury to determine whether or not the name signed to State’s Exhibit 1 was fictitious. If the name was fictitious, and the appellant was in possession of it, and uttered it, the jury could, in the absence of satisfactory explanation of his possession, infer that the appellant forged it or was privy thereto. Williams v. State, supra; Overby v. State, supra; St. John v. State, 55 Ala.App. 95, 313 So.2d 215; Spratlin v. State, 36 Ala.App. 463, 58 So.2d 900.
The indictment in this case charges the defendant with an attempt to obtain a controlled substance by the forgery of a pre *877 scription. This is a felony. Title 22, Sec. 258(37), (47).
An attempt to commit a crime is defined, as follows:
“An attempt to commit a crime consists of three elements: (1) The intent to commit the crime; (2) performance of some act toward the commission of the crime; and (3) the failure to consummate its commission. In other words, in order that there may be an attempt to commit a crime, whether statutory or at common law, there must be some overt act in part execution of the intent to commit the crime, but which falls short of the completed crime; the difference between attempt and commission being that the act or step fails to produce the result intended.”
Broadhead v. State, 24 Ala.App. 576, 139 So. 115; B. F. Moseley, alias v. State, 53 Ala.App. 272, 299 So.2d 317.
We hold that there is sufficient evidence in this record to sustain the jury verdict, finding the defendant guilty as charged in the indictment.
The appellant insists in his brief that the trial court erred in allowing the jury to separate during the trial. In the absence of an objection in the record to the trial court allowing the jury to separate during the trial, or a motion for a mistrial, or new trial, on those grounds the matter is not before this Court. The question was not presented to the trial judge for his ruling. Williams v. State, 44 Ala.App. 599, 217 So.2d 551; Thompson v. State, 44 Ala.App. 414, 211 So.2d 505; Wade v. State, 49 Ala. App. 601, 274 So.2d 626; Turner v. State, 54 Ala.App. 467, 309 So.2d 503.
There being no other .rulings of the trial court complained of in appellant’s brief, we have examined carefully the entire record, including:
(a) The indictment;
(b) The Court Reporter’s certificate;
(c) The Circuit Clerk’s certificate;
(d) The judgment entry;
(e) All the evidence; and
(f) The actions of the trial judge.
We find from such examination that there is no error in the record prejudicial to the appellant.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
Affirmed.
All the Judges concur except CATES, P. J., not sitting.