374 So.2d 414 (1979)
Isaac Charles DAILEY
v.
STATE.
3 Div. 12.
Court of Criminal Appeals of Alabama.
June 26, 1979.
Rehearing Denied August 21, 1979.
David T. Hyde, Jr., Evergreen, for appellant.
Charles A. Graddick, Atty. Gen., and Mary Jane LeCroy, Asst. Atty. Gen., for the State.
*415 HARRIS, Presiding Judge.
Appellant was convicted of forgery and the court sentenced him to imprisonment in the penitentiary for ten years. Throughout the trial proceedings appellant was represented by court-appointed counsel and at arraignment pleaded not guilty. After sentence was imposed he gave notice of appeal and is in this court with a free transcript. Trial counsel was appointed to represent him on appeal.
The evidence presented by the State made out a clear cut case of forgery. Appellant did not testify but offered alibi evidence. On rebuttal the State completely exploded appellant's alibi testimony.
The indictment upon which appellant was brought to trial was in Code form. Omitting the formal parts it reads as follows:
"The Grand Jury of said County charge that before the finding of this indictment, Isaac Charles Dailey, alias Isaac Dailey, alias Floyd D. Gray, whose name is to the Grand Jury otherwise unknown, with intent to injure or defraud, did alter, forge, or counterfeit a certain check which was in substance as follows:
 THE STATE OF ALABAMA No. 1881
 ESCAMBIA COUNTY
BOARD OF COUNTY COMMISSIONERS $160.00
 BREWTON, ALABAMA Jan. 11th 1977
"PAY TO Floyd D. Gray, OR ORDER
One Hundred and Sixty Dollars DOLLARS
OUT OF MONEYS IN THE TREASURY TO THE CREDIT
OF THE GENERAL FUND
PAYABLE THROUGH
THE BANK OF BREWTON
BREWTON, ALABAMA Charles Lee 
 BOARD CHAIRMAN
or with intent to injure or defraud, did utter and publish as true the said falsely altered, forged or counterfeited check, knowing the same to be altered, forged or counterfeited,
against the peace and dignity of the State of Alabama."
The original of the alleged forged instrument was attached to the indictment.
The evidence adduced by the State tended to show that, on Tuesday, January 11, 1977, appellant entered White's Auto Store and identified himself as "Floyd D. Gray" to Mrs. Polly Salter, an employee of the store. He asked Mrs. Salter if she could cash a check for him. He handed her the check and she turned and gave the check to Mrs. Sue Jernigan who was the wife of the owner of the store. Mrs. Jernigan cashed the check for appellant.
Mrs. Salter got a good look at appellant at close quarters in a well lighted store. She identified State's Exhibit 1 as the check which appellant handed to her at the counter. She testified that appellant wore a mustache at the time he was in the store and he was not wearing glasses. However, he was wearing glasses at the time of his trial. The following April or May she was shown two photographs by a Deputy Sheriff and she identified appellant as the man who handed her the check to cash on January 11, 1977. She made a positive in-court identification of appellant as the man who presented her with the check. She based her identification on having seen appellant in the store and not on the photograph presented to her by the officer.
Mrs. Sue Jernigan identified State's Exhibit 1 as the check she cashed for appellant on January 11, 1977. She, too, made a positive in-court identification of appellant. She stated appellant was not wearing glasses the day she cashed the check, but he had a mustache and a crew cut hair style. Her husband deposited the check for payment but the check was returned unpaid by the bank, marked "signature not authorized."
On cross-examination Mrs. Jernigan testified that she attended a lineup at the jail in which there were five or six black males. Without the slightest hesitation she identified appellant as the man for whom she cashed the check on January 11, 1977. She based her in-court identification of appellant on having seen him in the store when she cashed the check and not on the lineup identification. Stated another way, the lineup identification had no influence or impact whatsoever on her in-court identification.
Mr. James R. Lynn, a cashier at the Bank of Brewton, testified that the signature on the check admitted into evidence was not *416 an authorized signature on the Escambia County Commission account. He stated the only person authorized to sign a County Commission check was Onree Owens. He examined State's Exhibit 1 and said the signature on the check was unauthorized. The check was admitted into evidence over appellant's objection that it was not shown to be unauthorized.
State's Exhibit 1 is in words and figures as follows:
 "THE STATE OF ALABAMA No. 1886
 ESCAMBIA COUNTY
BOARD OF COUNTY COMMISSIONERS $160.00
 BREWTON, ALABAMA Jan. 11th 1977
"PAY TO Floyd D. Gray, OR ORDER
One Hundred and Sixty Dollars DOLLARS
OUT OF MONEYS IN THE TREASURY TO THE CREDIT
OF THE GENERAL FUND
 Payable Through
THE BANK OF BREWTON
Brewton, Alabama Charles Lee 
 BOARD CHAIRMAN"
It can be readily seen that the only difference in the check set out in the indictment and State's Exhibit 1 are the check numbers. The number of the check in the indictment is "1881" and the number on State's Exhibit 1 is "1886". Other than the numbers the two instruments are identical in verbiage, names, dates and amounts.
On rebuttal Mr. T. O. Owens testified that he was Chairman of the Escambia County Commission and was the only person authorized to sign checks on the County Commission's account. He further stated he did not sign the check admitted into evidence.
The defense recalled Mrs. Salter and she testified that appellant came into the store on the afternoon of January 11, 1977, between 1:00 and 5:00.
Eugene McCaskill stated that he worked with appellant during the first two weeks of January, 1977, laying bricks on a construction job. He testified that appellant was at work from 7:00 in the morning until dark, around 5:00 or 5:30 p. m. McCaskill said appellant was not out of his presence for more than a few minutes between 1:00 and 5:00 that afternoon. He claimed that he remembered the date of January 11, 1977, because he had gotten appellant out of the Escambia County Jail in Brewton on Monday, January 10, and they worked together that afternoon and the next day to the weekend.
Robert Drawbaugh testified that he hired appellant and McCaskill to lay the bricks on a house he was building. He remembered appellant getting out of jail on Monday morning, working that afternoon, and then coming back to work Tuesday morning around 7:00 and working the remainder of the week. He stated he was at the construction site all day every day and that appellant got off work between 4:30 and 5:00.
On rebuttal the State called G. S. Byrne, the Sheriff of Escambia County, who brought his jail records. These records, identified as State's Exhibits 2 and 3, revealed that appellant was put in jail on January 1, 1977, and released the same day. The next time appellant was put in jail was on January 29, 1977, and released on February 4, 1977. The Sheriff further testified that appellant positively was not in jail on Monday, January 10, 1977. State's Exhibits 2 and 3 were introduced into evidence without objection. Appellant's alibi evidence blew up in his face.
Appellant contends this case should be reversed because of a fatal variance between the indictment and the proof. The indictment described the check as bearing number "1881"; the check introduced into evidence bears the number "1886". Appellant failed to object to the introduction into evidence of State's Exhibit No. 1 on the ground of variance. In his motion to exclude the State's evidence the word "variance" was never mentioned, nor was the word "variance" contained in his motion for a new trial. Variance is urged for the first time on appeal.
An issue raised for the first time on appeal is raised too late for review. It is well settled law that review by this court is limited to matters properly raised in the trial court. Cooper v. State, Ala.Cr.App., 340 So.2d 871; Law v. State, Ala.Cr.App., 342 So.2d 412; Harris v. State, Ala.Cr.App., 347 So.2d 1363.
*417 A variance between the indictment and the proof is immaterial when the alleged variance may be treated as surplusage. It is unnecessary to set out marks or figures which are not a material part of the forged document in the indictment. A check number does not add to or detract from the legal efficacy nor the negotiability of a check. It serves only as a bookkeeping aid to the drawer in balancing his checkbook. We judicially know that bank counter checks are not numbered and they are in daily use. We consider the variations in the check numbers in this case to be immaterial. Christison v. State, 41 Ala.App. 192, 142 So.2d 666.
In Wyatt v. State, 257 Ala. 90, 57 So.2d 366, the Supreme Court said:
"The law is well settled that where an instrument charged with having been forged is of apparent legal efficacy or shows to be the foundation of a legal liability and not void on its face, that is, not illegal in its very frame, or innocuous from its character, there is no necessity that the indictment contain extraneous allegations."
We do not find that the in-court identification in this case offends the Due Process Clause of the Federal Constitution. Dawson v. State, 47 Ala.App. 293, 253 So.2d 362; Havard v. State, 50 Ala.App. 147, 277 So.2d 421.
This is a clear case of an "independent source." It would serve no useful purpose to repeat the testimony of Mrs. Salter and Mrs. Jernigan as above set forth. Hannon v. State, 48 Ala.App. 613, 266 So.2d 825; Smith v. State, 49 Ala.App. 147, 269 So.2d 164; Houston v. State, 49 Ala.App. 403, 272 So.2d 610.
Conflict in alibi testimony presented by the defendant and that presented by the State was peculiarly within the province of the jury to resolve. Smith v. State, 53 Ala.App. 27, 296 So.2d 925; Price v. State, 53 Ala.App. 465, 301 So.2d 230.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
TYSON and DeCARLO, JJ., concur.
BOWEN, J., concurs in the result only with opinion in which BOOKOUT, J., joins.
BOWEN, Judge, concurring in result.
I disagree with the majority's holding that the variations in the check numbers are immaterial. A check number identifies one particular instrument and no other. Checks with different numbers are simply different things. "There is as much difference between the two as there is between a white horse and a black horse", see Bartlett v. State, 8 Ala.App. 248, 250, 62 So. 320 (1913), wherein two checks had different dates and numbers though otherwise identical. The rule is clear:
"The description in the indictment of the instrument which is the subject of the forgery may be either in haec verba or according to its legal tenor and effect. When in the former mode, there must be practically a literal correspondence between the paper offered in evidence and the one alleged; but when the latter mode is employed substantial proof is sufficient." Bartlett, 8 Ala.App. at 250, 62 So. at 321.
However the judgment must be affirmed because the question of variance was not called to the attention of the trial court in any manner. Sullivan v. State, 38 Ala.App. 340, 83 So.2d 259 (1955). Therefore I concur in the result reached in the majority opinion.